<hr />

# TRUSTEES OF SCHOOLS

*v.*

# C. H. McCORMICK & BROTHERS.

1. PRINCIPAL AND AGENT—*payment of the agent's debts with property of the principal.* A creditor who has knowledge that his debtor has property in his possession merely as the agent of another, for sale, has no right to receive such property from the agent in payment of his debt.

2. SAME—*ratification of the act of the agent.* But if the principal ratifies such a transaction, with a full knowledge of the facts, by receiving from his agent the notes of other parties in payment for the property, he thereby waives his right to hold the creditor of the agent liable for the value of the property thus received in payment of the agent's indebtedness.

3. INSTRUCTIONS—*should not be misleading.* Although instructions may contain nothing objectionable as abstract legal propositions, yet if they tend,

standing by themselves, to mislead the jury by directing their attention away from the true issue in the case, they should be so modified as to present the real question involved.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. T. D. MURPHY, Judge, presiding.

This was an action of assumpsit brought in the court below by Cyrus H. McCormick, William S. McCormick and Leander J. McCormick, as partners, under the style and firm of C. H. McCormick & Brothers, against the trustees of schools of township number forty, north range, three east of the third principal meridian, to recover the value of a reaping machine which had been placed by the plaintiffs in the hands of one Goodrich, as their agent, for sale, and which Goodrich turned over to the defendants in payment of a debt he owed them, they having knowledge at the time that Goodrich had possession of the machine only as agent for its sale.

The only question presented here is, whether the proof showed a subsequent ratification of the transaction by the plaintiffs.

The jury returned a verdict for the plaintiffs, upon which judgment was entered. The defendants thereupon sued out this writ of error.

Messrs. ALLEN & RANDALL for the plaintiffs in error.

Mr. EMERY A. STORRS and Mr. CHARLES KELLUM, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Goodrich, being agent of the defendants in error at Malta, in De Kalb county, for the sale of reaping machines, and being also in debt to the trustees of school township 40 north range 3 east, for money loaned, turned over to them a reaper in exchange for his note. The trustees sold the machine to one Buskirk, taking therefor his note secured by mortgage, which Buskirk paid after the commencement of this suit. The

defendants in error brought this suit against the trustees for the value of the machine, and recovered.

We think it sufficiently appears that the trustees knew Goodrich had possession of this machine only as agent for its sale, and such being the fact they clearly had no right to receive it from him in payment of his own debt. They were lending themselves to an act of fraud on the part of an agent toward his principal, and appropriating the property of McCormick to pay the debt of Goodrich. The only question in the case is, whether McCormick, through his general agent Champlin, ratified the transaction with a full knowledge of the facts, and settled with Goodrich, by taking the Talbot notes. Goodrich swears that he held some notes against one Talbot, and that he informed Champlin of the sale of the machine to the trustees and gave him the Talbot notes in payment therefor. Champlin swears that he accepted the Talbot notes for a machine, which Goodrich told him had been sold to Talbot. The decision of the case must turn upon the degree of credit to be respectively given to these witnesses. In this state of the evidence the court instructed the jury as follows:

" The jury are instructed that all promissory notes payable in money are, by the law of this State, negotiable, and that if the jury believe, from the evidence, that the machine in question was sold by the defendants in this suit to Buskirk, and that they took his note for the same, before the commencement of this suit, then the plaintiffs are in the same condition in reference to their right to recover in this suit, as if the money had been actually paid by Buskirk to the defendants at the time of sale of the machine by them to him."

" The jury are instructed that if they believe from the evidence, that the defendants have received money or money's worth for a reaper belonging to the plaintiffs, an action of assumpsit will lie to recover the same, and that a negotiable promissory note is, in contemplation of law, money's worth."

These were the only instructions given, and while they may contain nothing objectionable as abstract legal propositions,

yet they tended, standing by themselves, to mislead the jury by directing their attention away from the true issue. The jury would understand, from the second instruction, that, if the transfer of the machine to the trustees was of such a character as to leave the title in McCormick, and if they had sold it, the verdict must be for the plaintiff. This ignored the main question in the case — that of ratification. This instruction should have been modified by adding a clause, telling the jury, if Champlin, as general agent of McCormick, and with a knowledge of the facts connected with the transfer of the machine to the trustees, had received from Goodrich the Talbot notes in payment for said machine, the verdict must be for the defendants. The judgment is reversed and the cause remanded.

*Judgment reversed.*