# ERNST H. STEINMAN

## *v.*

## MARGARET STEINMAN, Adm'x.

*Filed at Mt. Vernon January 31, 1883.*

1. COUNTY COURT—*its jurisdiction as to matters relating to estates.* The county court has express statutory jurisdiction, on the application of an administrator of an estate, to inquire and determine whether another person has in his possession property belonging to the estate; and such question is one purely of fact.

2. APPEALS—*reviewing question of fact by this court.*  On a trial had by the circuit court, without a jury, on appeal from an order or judgment of the county court, in a proceeding to determine whether the defendant had in his possession property, etc., belonging to the estate of a deceased person, no instructions were asked, nor were any propositions of law submitted to the court.  On appeal to the Appellate Court the judgment of the circuit court was affirmed.  On a further appeal to this court, it was considered, as no questions of law were presented, and the court was precluded from reviewing the facts, the judgment must be affirmed.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Clinton county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. VAN HOOREBEKE & FORD, for the appellant.

Messrs. MURRAY & ANDREWS, for the appellee.

Per CURIAM:  The statute conferred jurisdiction on the county court to determine whether appellant had in his possession property belonging to the estate of Charles S. Steinman, deceased; and whether the property involved in this controversy belonged to the estate or to appellant, was purely a question of fact, for the determination of the circuit court, before whom a trial was had, without a jury, on appeal from the county court.  The circuit court, upon the evidence introduced, found the issue in favor of appellee, and that judgment was affirmed in the Appellate Court.  On the trial in the circuit court no instructions were asked, nor were any propositions of law submitted for decision.  This appeal, therefore, presents no questions of law for our decision, and as we are precluded by the statute from considering controverted questions of fact, the judgment of the Appellate Court was conclusive, and will have to be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCOTT dissenting.