## WILLIAM T. BLAIR

### *v.*

## THOMAS W. SENNOTT.

*Filed at Ottawa June 12, 1890.*

1. CERTIORARI—*at the common law—what matters may be considered.* Upon *certiorari* at common law it can only be inquired, first, whether the inferior court has exceeded its jurisdiction; and second, whether it has proceeded according to law;—and this can only be determined from an inspection of the record. No fact can be considered unless it is a part of the record.

2. RECORD OF COURT PROCEEDINGS—*refusal to make proper record—remedy.* If a court refuses to make a proper record of its proceedings, the remedy is by *mandamus*, and not by *certiorari*.

3. PROBATE COURT—*preserving the evidence—in what way.* There is no mode by which the evidence given in a proceeding before the probate court can be lawfully preserved and made a part of the record.

4. The remedy for error of the probate court in ruling upon the evidence is by appeal to the circuit court, and this is adequate.

5. SAME—*presumption in support of the ruling of the probate court.* Where the probate court has jurisdiction of the subject matter and of the persons of the parties, the same presumption in favor of the rulings of that court must be indulged in as in favor of the circuit court, under like circumstances.

6. ADMINISTRATION OF ESTATES—*citation to surrender property to the administrator—what property to be included—the statute construed.* Section 81, chapter 3, of the Revised Statutes of 1874, authorizing the citation of any person having in his possession any goods, chattels, moneys or effects "belonging to any deceased person," does not mean merely goods, chattels, moneys, etc., placed in the hands of the party charged by the deceased in his lifetime, but includes also goods, etc., which belong to the estate of the deceased, and which may come into the hands of the party charged since the death of the deceased. As a dead person can own nothing, the words, "belonging to any deceased person," can only mean, "belonging to the estate of any deceased person."

7. SAME—*action under the citation—amendment of affidavit.* An administrator has the right to file an amended affidavit in a proceeding by him in the probate court, under section 81, chapter 3, of the Revised Statutes, entitled "Administration," and after the filing of such amended affidavit, proceedings under the original affidavit will be considered as abandoned.

8. SAME—*whether proceeding is under amended affidavit.* After the filing of an amended affidavit by an administrator, to discover and reach property concealed or kept by one wrongfully, and to compel its delivery to the administrator, it will be presumed that the proceeding was conducted under the amended affidavit; but the whole record may be looked into, to see whether the subsequent steps and orders were taken under the amendment or under the original affidavit.

9. TRUSTS AND TRUSTEES—*money in the hands of an agent—held in trust—identity of funds—presumption—breach of trust as a defense.* Money of a principal in the hands of the agent is still the money of the principal, and the agent has no right to use it or pay it out for his own private purposes. While the agent has the money, the agent is not the debtor of the principal, but simply his trustee.

10. In such case, it will be presumed that the money in the hands of the agent is the identical money that he received, and he will not be heard to allege his embezzlement or breach of trust, to escape liability arising from that presumption.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. C. C. MARSH, for the appellant:

The probate court has no jurisdiction to bring before it third parties, and settle conflicting interests. *Pahlman* v. *Graves,* 26 Ill. 405.

The statute is not designed to afford the means of collecting debts due an estate, but for obtaining the possession of the money, books, etc., which remain in specie. *Williams* v. *Conley,* 20 Ill. 643.

It is designed to be a summary remedy to reach assets which might be reached by detinue, trover or replevin, only. It is strictly a possessory action. *Wade* v. *Pritchard,* 69 Ill. 279.

No presumption is indulged in favor of the judgment or jurisdiction of an inferior court, nor of any court proceeding under a statute passed in derogation of the common law. The party seeking the aid of the statute must show by the record that all his proceedings are within the scope of the statute whose aid is invoked. Absence of affirmative facts prescribed by the statute can not be helped by presumption. *Ayer* v. *Town of Lake,* 11 Ill. App. 564; *Gibbon* v. *Bryan,* 3 id. 298; *Deming* v. *Corwin,* 11 Wend. 648; *Evans* v. *Bouton,* 85 Ill. 579.

The county and probate courts, as organized in this State, have not general jurisdiction, and are such inferior courts that the question of their jurisdiction may be reached by the writ of *certiorari. People* v. *Williamson,* 13 Ill. 660; *Preston* v. *Spaulding,* 120 id. 208.

The amended petition is not out of the case, there being no authority to amend it. Rev. Stat. chap. 7, sec. 8; *Donlin* v. *Hettinger,* 57 Ill. 348.

The probate or county court has no jurisdiction over the subject of the trust. *Lill* v. *Brant,* 1 Ill. App. 266; *Steele* v. *Clark,* 77 Ill. 471.

Money belonging to "a deceased person" is not legally equivalent to money belonging either to "the estate of the deceased person" or to "the executrix of decedent." *Voorhies* v. *Ewbunk*, 6 Clark, (Iowa,) 274.

On *certiorari*, the transcript certified becomes the return to the writ and a part of the record, and by its inspection, alone, are the rights of the parties to be determined. *McManus* v. *McDonough*, 4 Ill. App. 180 ; *Gerdes* v. *Champion*, 108 Ill..137 ; *Commissioners* v. *Supervisors*, 27 id. 140.

The writ is obeyed by returning and certifying the order and proceedings in ordinary cases. Wood on Mandamus and Certiorari, 200.

All the papers of a cause, when filed below, become and are a part of the record of that court, and transcripts are made by copying the files and orders of the court as entered of record there. *Stevison* v. *Earnest*, 80 Ill. 513 ; *Harding* v. *Larkin*, 41 id. 413 ; *Zimmerman* v. *Cowan*, 107 id. 631 ; *Nat. Bank* v. *Elmira*, 53 N. Y. 49.

It may be necessary that the return shall set forth such facts as are necessary to show jurisdiction,—a recital of the facts, but not the evidence. *Star* v. *Trustees*, 6 Wend. 565 ; Powell on Appellate Proc. 354 ; *Truitt* v. *People*, 88 Ill. 518 ; *People* v. *Overseers*, 15 Barb. 286 ; *Niblo* v. *Posts*, 25 Wend. 279 ; *Stone* v. *Mayer*, id. 156.

The evidence touching the facts must be returned, so that the reviewing court can see whether there was jurisdiction. *Jackson* v. *People*, 9 Mich. 111 ; *People* v. *Van Alstyne*, 32 Barb. 131.

*Certiorari*, and not *mandamus*, was the proper writ to be issued, and should have been issued, in this case, to compel the perfecting of the record in the probate court, the judge before whom the case was heard having ceased to be an acting probate judge in Cook county, and to all purposes in that case a judge out of commission. *People* v. *Pearson*, 2 Scam. 189 ; 3 id. 270.

*Certiorari* lies against a judge out of commission, and even to the executors of a deceased judge. 2 Hawkins' Pleas of the Crown, chap. 27, sec. 39; *Galbraith* v. *Green*, 13 S. & R. 85; *O'Leary* v. *People*, 4 Parker, 187.

For the proper course to get the facts before the court, see *Moore* v. *Hamilton*, 4 Zabr. 532; *Scott* v. *Beatty*, 3 id. 256.

*Certiorari* is the proper proceeding to test the question of the jurisdiction of the probate court in this case.

There are two classes of cases in which, according to the previous decisions of this court, a common law writ of *certiorari* will lie: First, whenever it is shown that the inferior court or jurisdiction has exceeded its jurisdiction; second, whenever it is shown that the inferior court or jurisdiction has proceeded illegally, and no appeal or writ of error will lie. *Hyslop* v. *Finch*, 99 Ill. 171.

To the same effect are the following cases: *People ex rel.* v. *Williamson*, 13 Ill. 660; *Doolittle* v. *Railroad Co.* 14 id. 381; *Railroad Co.* v. *Whipple*, 22 id. 105; *Railroad Co.* v. *Fell*, id. 333; *Gerdes* v. *Champion*, 108 id. 137; *Miller* v. *Trustees*, 88 id. 26; *Supervisors* v. *Magoon*, 109 id. 142; *Ennis* v. *Ennis*, 110 id. 78.

*Certiorari*, and not appeal, is the proper proceeding for the purpose of resisting the jurisdiction of the tribunal below. *Gauthier* v. *Watkins*, Md. Ct. of App. Feb. 18, 1887.

An appeal is a recognition of the jurisdiction of the court in which the judgment or decree was rendered.

An appeal to the circuit court can give no broader jurisdiction or right than the court below had. *Dodge* v. *People*, 113 Ill. 491; *Stolberg* v. *Ohnmacht*, 50 id. 442; *Peak* v. *People*, 71 id. 278.

The only remedy in such case is by the common law writ of *certiorari*, when the court below had no jurisdiction. *Lill* v. *Brant*, 1 Ill. App. 266; *Commissioners* v. *Hoblit*, 19 id. 259; *Frizell* v. *Rogers*, 82 Ill. 111; *People* v. *Williamson*, 13 id. 660.

Mr. J. F. SNYDER, for the appellee:

The statute confers authority on the probate court to determine whether a person has in his possession property belonging to an estate. *Steinman* v. *Steinman,* 105 Ill. 348; *Wade* v. *Pritchard,* 69 id. 279.

If such person refuses to deliver up such property or effects, the court may commit such person to jail until he shall comply with the order of the court therein. Starr & Curtis' Stat. chap. 3, par. 82.

For jurisdiction of probate courts, see Starr & Curtis' Stat. chap. 37, par. 253.

The county courts in this State are courts of general jurisdiction in respect to all matters coming within the purview of their jurisdiction, and the same presumptions in favor of their jurisdiction prevail as in favor of circuit courts. *Matthews* v. *Hoff,* 113 Ill. 90; *Barnett* v. *Wolf,* 70 id. 76.

For power of the court to enforce its orders, see Starr & Curtis' Stat. chap. 3, par. 131; *Johnson* v. *Von Kettler,* 84 Ill. 315.

The county court, to the extent it has jurisdiction, (and this extends to the settlement of the estates of deceased persons,) exercises equitable jurisdiction. *Brandon* v. *Brown,* 106 Ill. 519; *Hurd* v. *Slaten,* 43 id. 348; *Wadsworth* v. *Connell,* 104 id. 369; *Moore* v. *Rogers,* 19 id. 346; *Millard* v. *Harris,* 119 id. 185.

*Certiorari* does not require of the evidence or a certificate of the facts outside of the record. *Donahue* v. *Will County,* 100 Ill. 94; *Doolittle* v. *Railway Co.* 14 id. 381.

It is no part of the office of a writ of *certiorari* to an inferior tribunal, to bring before the court from which the writ issued the evidence heard in the court below, nor can the court receive testimony to show what that evidence was. See, also, on the same point, *Railroad Co.* v. *Whipple,* 22 Ill. 105; *Railroad Co.* v. *Fell,* id. 333; *Railroad Co.* v. *Barrows,* 24 id. 562;

*Commissioners* v. *Supervisors*, 27 id. 140; *Low* v. *Railroad Co.* 18 id. 324; *Gerdes* v. *Champion*, 108 id. 137; *Savage* v. *Commissioners*, 10 Ill. App. 204.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a common law *certiorari*, issued by the circuit court of Cook county, bringing before that court the record of the probate court of the same county, ordering appellant to deliver to Martha Tafft, administratrix with the will annexed of the estate of Henry Tafft, deceased, certain moneys found to be in his hands, and belonging to that estate.

Some complaint is made of the failure of the probate court to make up the record, showing what actually transpired in the proceeding · before that court. If a court refuse to make a proper record, the remedy is by *mandamus*, and not by *certiorari*. Upon *certiorari* it can only be inquired, first, has the inferior court exceeded its jurisdiction; and second, has it proceeded according to law. (*Hyslop* v. *Finch*, 99 Ill. 171; *Donahue* v. *Will County*, 100 id. 94; *People* v. *Wilkinson*, 13 id. 660; *Doolittle* v. *Galena and Chicago Union Ry. Co.* 14 id. 381; *Miller* v. *Trustees of Schools*, 88 id. 26.) And this· can only be determined from an inspection of the record. In no case can any fact be considered, whether consisting of evidence given upon the hearing, or of affidavits in support or denial of motions, unless it is lawfully a part of the record brought before the court. See cases cited *supra*, and *Commissioners* v. *Supervisors*, 27 Ill. 140; *Gerdes* v. *Champion*, 108 id. 137; *Chicago and Rock Island Railroad Co.* v. *Whipple*, 22 id. 105.

There is no mode by which the evidence given in a proceeding before the probate court can be lawfully preserved and made a part of the record. The remedy for error in ruling upon the evidence is by appeal to the circuit court. (Rev. Stat. 1874, chap. 3, sec. 124; *Ennis* v. *Ennis*, 103 Ill. 95.) And this is adequate and ample.

The first affidavit filed in this proceeding charged appellant with withholding the title to real estate. Subsequently, an amended affidavit was filed, charging him with having in his possession and refusing to deliver money which had come into his hands as an agent and attorney. The right to file an amended affidavit in such a proceeding is denied by appellant, and he also denies that the order directing him to deliver the money to the administratrix was made pursuant to the amended affidavit. We can not concur in either of these views. There is nothing in the statute from which it can be inferred that the power to institute the proceeding was intended to be exhausted by the first effort in that direction. We think, on the contrary, that the proceeding may be repeatedly instituted against the same party, where he is guilty, successively, of the acts specified in the statute as authorizing it to be instituted. And there can, therefore, be no reason why an administrator who discovers that he was misinformed and mistaken as to the facts when he filed an affidavit, should not be allowed to subsequently file an amended affidavit, setting up the facts correctly, allowing the party charged ample opportunity to answer the charge as thus amended. The proceedings before the court are, to a large extent, informal, and no technical, formal particularity is required in the orders of the court. It is enough, in cases like the present, that it can be seen, from the language of the order, that it is in the proceeding upon the amended order. The whole record must be considered, and it is not to be presumed that there was any other or different proceeding than it discloses. When the amended affidavit was filed, proceeding under the original affidavit was by that act abandoned. The order, therefore, being made subsequently to the filing of the amended affidavit, could only have reference to the amended affidavit. Moreover, its language is responsive to the amended affidavit, and entirely inconsistent with the original affidavit.

The substance of the amended affidavit is, that appellant, as the agent of Henry E. Tafft, deceased, in his lifetime loaned money for him, taking certain securities for its repayment; that since the death of said Tafft appellant has collected, on account of such loan and from such securities, the amount of such loan, and has the same in his possession, and refuses to deliver or pay it over to the administratrix, after demand made for that purpose. The court, in its order, finds that "said William T. Blair has in his possession the sum of $153, belonging to said estate," which it orders him to "turn over to said Martha W. Tafft, administratrix with the will annexed of the estate of said decedent, within twenty-four hours," etc. It shows that appellant was present in court when the order was made, and that it was made by the court after "having heard the evidence adduced and the arguments of counsel." Counsel contend that the facts stated in the amended affidavit create merely the relation of debtor and creditor between the estate and appellant, and therefore bring the case within the ruling in *Williams* v. *Conley*, 20 Ill. 643, and *Pahlman* v. *Graves*, 26 id. 405.

The proceeding is under section 81, chapter 3, of the Revised Statutes of 1874, which, so far as affects the present question, reads as follows: "If any executor or administrator, or other person interested in any estate, shall state, upon oath, to any county court, that he believes that any person has in [his] possession, or has concealed or embezzled, any goods, chattels, moneys or effects, books of· account, papers, or any evidence of debt whatever, or titles to lands, belonging to any deceased person, * * * the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require." In our opinion this does not mean merely goods, chattels, moneys, etc., placed in the hands of the party charged by the deceased in his lifetime,

but we think it includes also goods, chattels, moneys, etc., which belong to the estate of the deceased and which have come into the hands of the party charged since the death of the deceased. The language contemplates present ownership, and since a dead man can own nothing, "belonging to any deceased person" can only mean "belonging to the estate of any deceased person,"—and so we held in *Steinman* v. *Steinman*, 105 Ill. 348. Money of the principal in the hands of the agent is still the money of the principal, and the agent has no right to use it or pay it out for his own private purposes. While he has this money, he is not, technically, the creditor of his principal, but simply his trustee. (Mechem on Agency, sec. 780.) It is, in such case, therefore, always the legal presumption that the money in the hands of the agent is the identical money that he received, and he will not be heard to allege his embezzlement or breach of trust to escape a liability arising from that presumption. Mechem on Agency, sec. 785; Story on Agency, secs. 229, 230; *Trustees* v. *McCormick*, 41 Ill. 323; *Cottom* v. *Holliday*, 59 id. 176.

*Thomas* v. *People*, 107 Ill. 517, is not analogous to the present case. There the question was, whether a payment by a master in chancery of the distributive share of an heir-at-law in certain lands sold on partition to a person claiming to be administrator of such heir-at-law, the heir-at-law being alive, was such a payment as would discharge the master in chancery from liability, and it was held that it was not, because it is impossible that there can be an administrator of a living person—that the appointment of the administrator was a nullity, because the probate court had no jurisdiction to act in the case of living persons. But here there is no question of the death of Henry E. Tafft, or of the lawful appointment of Martha W. Tafft as his administratrix, and there is therefore jurisdiction over the estate; and, as has been seen, the affidavit, in our opinion, sufficiently charges that appellant has money in his hands belonging to the estate, to give the court jurisdic-

tion to inquire as to the truth of that charge, under section 81, chapter 3, of the Revised Statutes of 1874, and there was jurisdiction of the person of appellant. Having jurisdiction of the subject matter and of the person, the same presumptions in favor of the correctness of the ruling of the probate court must be indulged as in favor of circuit courts, under like circumstances. *Matthews* v. *Hoff*, 113 Ill. 90; *Barnett* v. *Wolf*, 70 id. 76.

We find no reason justifying a reversal of the judgment below. It is therefore affirmed.

*Judgment affirmed.*