# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## SECOND DISTRICT—DECEMBER TERM, 1893.

## James Dinsmoor v. Benjamin Bressler.

1. ATTORNEYS—*Failure to Turn Over Moneys Collected for Estates.*—An attorney at law employed by an administrator to collect money for an estate, who fails and refuses to turn over the money collected by him after demand, may be proceeded against under Section 81, Ch. 3, R. S., entitled " Administration of Estates."

2. SAME—*Embezzlement by.*—In this State money collected by an attorney for his client is not the property of the attorney in such manner that he is not guilty of embezzlement if he appropriates it to his own use.

3. SAME—*Failure to Turn Over Moneys—A Criminal Offense.*—Our statute treats an attorney, in respect to moneys collected by him for a client, and which he fails to turn over on demand, the same, in a criminal point of view, as a justice of the peace, clerk of a court, or other person authorized by law to collect money, and subjects him to punishment as an embezzler, and disqualifies him from practicing his profession.

4. SAME—*An Agent for the Collection of Claims.*—The statute recognizes an attorney at law as a mere agent for the collection of claims intrusted to his charge, and in case of his refusal to pay over moneys collected by him for his clients, he may be debarred from practicing his profession.

5. PRINCIPAL AND AGENT—*Money in the Hands of the Agent.*—Money of the principal in the hands of an agent is still the money of the principal, and the agent has no right to use it, or pay it out for his own private purposes, and while he has the money he is not technically the creditor of his principal, but his trustee.

(207)

6. LIENS—*Of Attorneys for Fees.*—An attorney has no lien except what is called a general or retaining lien upon papers or documents, etc., which he receives professionally.

7. TRUSTEES—*Employment of Persons—Personal Liability.*—A person employed by a trustee to render services in collecting claims due the trust estate, without the order of court, when the trustee does not profess to undertake to create a lien on the estate, and he is not insolvent, and does not stipulate against his personal liability, can not proceed against the trust estate in equity to recover compensation for his services. In such cases he must look to the trustee or to his estate, in case of his death, and not to the successor of the trustee employing him, or to the trust estate.

8. APPELLATE COURT PRACTICE—*Exceptions.*—Where there is no bill of exceptions showing that exceptions were taken to the rendition of the judgment and finding of the court, only the exception that appears in the record of the judgment, the appellant can not assign error on such record except as to the form of the judgment.

9. EXCEPTIONS—*Where it is Error to Award.*—A proceeding under Secs. 81 and 82, Chap. 3, R. S., entitled "Administration of Estates," is not a suit at law or in equity in the sense of the right of the successful party to recover judgment and obtain execution. The power of the court is to make such order in the premises as the case may require and to enforce obedience to its order by attachment, but it is erroneous to award exception.

**Memorandum.**—Appeal from an order made by the Circuit Court of Whiteside County, the Hon. JOHN D. CRABTREE, Judge, presiding, in a proceeding under Sec. 81, Chap. 3, R. S., entitled "Administration of Estates." Heard in this court at the December term, 1893. Opinion filed May 22, 1894. Opinion on rehearing, filed January 8, 1895.

JARVIS DINSMOOR, attorney for appellant.

APPELLEE'S BRIEF, V. S. FERGUSON AND JOHN G. MANAHAN, ATTORNEYS.

Attorneys in this State have no lien except on their client's papers, and none on money collected by them. Sanders v. Seelye, 128 Ill. 631; Forsythe v. Beveridge, 52 Ill. 268; Humphrey v. Brown, 46 Ill. 476; La Framboise v. Grow, 56 Ill. 197; Nichols v. Pool, 89 Ill. 491.

Transactions with the administrator create no lien on the estate, but only a personal liability of the administrator. Johnson v. Leman, 131 Ill. 609.

Even the administrator can not personally allow claims so as to bind the estate. Walker et al. v. Diehl, 79 Ill. 476.

Attorneys have not only no lien against the estate for services rendered the administrator, but even no claim therefor against the estate. Barker v. Kunkel, 10 Brad. 407.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a proceeding commenced before the County Court by appellee by citation against appellant. Commenced under Sec. 81 and 82 (80 and 81) Hurd's Revised Statutes, 1891, Chap. 3, page 222.

The appellee stated under oath before the County Court, in an affidavit filed therein in the manner provided by statute, that the First National Bank of Morrison paid James Dinsmoor and Jarvis Dinsmoor, acting attorneys for the estate of said Abram Ulmer, deceased, the sum of about $1,030, belonging to the said estate; that out of said sum affiant was informed that Dinsmoors paid the sum of about $300 on the award of Nancy Ulmer; that the remainder of said sum, to wit, about $730, said Dinsmoors retained in their possession, and they refused to pay the same to affiant as such administrator of the estate of Abram Ulmer, deceased, although often requested so to do by the affiant. The affiant therefore prayed for a citation as required by the statute.

The citation was issued accordingly and served on both parties, and on the 10th of October, 1892, a hearing was had before the County Court, resulting in finding that James Dinsmoor had received the $1,030 from said bank, as alleged, and had not paid any of it out, and ordered him to pay over to appellee the said sum within ten days, and that appellee have execution therefor, and the proceeding as to Jarvis Dinsmoor was dismissed. The appellant perfected an appeal to the Circuit Court. In the Circuit Court the appellant moved to dismiss the proceeding for want of jurisdiction of the Probate Court, of the subject-matter, which motion was overruled by the court and exception entered on the record by appellant

Then the appellant moved the court to transfer the case to the chancery side of the docket, which was overruled by the court, and exception taken by appellant on the record.

On the 5th day of June, 1893, the Circuit Court heard the case, and found that James Dinsmoor had in his hands the sum of $700, belonging to said estate, and ordered that he pay appellee for the use of said estate the sum of $700, within twenty days from that date, and that in default of such payment, appellee have execution therefor, and that appellant pay the costs of the proceeding to be taxed. To the making of such order the appellant excepts, as is shown by the order, but not in the bill of exceptions.

Section 81 of the statute under which this proceeding was had, reads as follows:

"Sec. 81. If any executor or administrator, etc., * * * shall state upon oath, to any County Court, that he believes that any person has in (his) possession, or has concealed or embezzled, any goods, chattels, moneys or effects, books of account, papers, or any evidence of debt whatever, etc., * * * the court shall require such person to appear before it, by citation, and may examine him on oath, and hear the testimony of such executor or administrator, and other evidence offered by either party, and make such order in the premises as the case may require." This act was approved March 19, 1873, and takes the place of the former act. R. S., 1845, p. 556, Sec. 90.

Sec. 82. "If such person refuses to answer any interrogatory as may be propounded to him, or refuses to deliver up such property or effects, or in case the same has been converted, the proceeds, or value thereof, upon a requisition being made for that purpose by an order of such court, such court may commit such person to jail until he shall comply with the order of court therein."

It is insisted by appellant that the facts set out in the affidavit filed by appellee, precedent to the issuance of the citation, does not show a case wherein the County Court, or the Circuit Court, on appeal, had jurisdiction to proceed by citation under the above sections of the statute:

First. Because the Probate Court can not adjudicate concerning a contract between client and attorney, and because an attorney has a lien on the money collected, for his fees, and the County Court can not adjudicate that matter.

Second. The County Court has no power to order an execution, and neither had the Circuit Court on appeal.

Third. It is insisted that proceeding under the statute can be only in cases where an action of replevin or trover would lie, and would not be where a party proceeded against did not have the money in specie. The following cases are cited: Williams v. Candy, 20 Ill. 643; Wade v. Prichard, 69 Ill. 279. The question arises in this case whether an attorney at law, employed by an administrator to collect money for an estate of these parties, who fails and refuses to turn over any money collected by him as such attorney, after demand by the person entitled to the same, can be proceeded against under said section 81 of the above recited statute. It seems to us there can be no doubt of the power to thus proceed against such attorney in such manner. Any one, according to the terms of the statute, who has "embezzled" any "moneys" or other goods or chattels, may be proceeded against under the statute by citation. In this State, however otherwise it may have been at common law, money collected by an attorney at law for his client, is not the property of an attorney in such manner as that he is not guilty of embezzlement if he appropriate it to his own use.

Our statute treats an attorney at law, in respect to the moneys he collects for his clients and fails to turn over to them on demand, the same in a criminal point of view as justice of the peace, clerk of the court or other person authorized by law to collect money, and subjects him to punishment as an embezzler to fine and imprisonment in the county jail and disqualifies him from practicing his profession ever after in this State. Sec. 79, Chap. 38, R. S. The statute recognizes such an attorney as a mere agent for the collection of claims intrusted to his charge, and in case of his refusal to pay over moneys collected for his clients he may be debarred from practicing his profession in this

State.   Sec. 7, Chap. 14, R. S.   In Blair v. Sinnott, 134 Ill. 78, it was held that "money of the principal in the hands of an agent is still the money of the principal, and the agent has no right to use it or pay it out for his own private purposes."   Further the court uses this language:   "While he has his money he is not technically the creditor of his principal but simply his trustee.   It is in such case, therefore, always the legal presumption that the money in the hands of the agent is the identical money that he received, and he will not be heard to allege his embezzlement or breach of trust to escape a liability arising from that presumption. Mechem on Agency, Sec. 785; Story on Agency, Secs. 229, 230; Trustees v. McCormick, 41 Ill. 323; Colton v. Halliday, 59 Ill. 170."   We think this case falls within the statutory jurisdiction so far as the subject-matter of the claim is concerned.   By the court, in Blair v. Sinnott, *supra*, it was also held that the statute contemplates not only moneys, etc., placed in the hands of the party charged, but such as comes to his hands after the deceased's death.   And we see no reason why the language of the statute does not cover cases where the goods, chattels, moneys, etc., were placed in the hands of the party charged by the administrator himself.

The language of the statute is that the oath of the administrator need only show that the party charged had goods, moneys, etc., in his possession belonging to "a deceased person, *i. e.*, belonging to the estate of a deceased person."

It is not necessary to show when, and the law does not require proof as to the time such property came into the possession of the person charged.

We think, therefore, the affidavit showed sufficient facts to give the County Court jurisdiction.

The appellant insists that he had the right of offset for attorney's fees rendered in the collection of the claim on which the money was collected, and other attorney fees.

It appears that an attorney has no lien in this State except what is called general (or retaining lien) on papers, documents, etc., which he receives professionally, but he has

no charging (or special lien). The right of lien on what has been recovered through his professional services has been denied him in this State in several cases. Sanders v. Seelye et al., 128 Ill. 631, and cases cited.

Again, a person employed by a trustee and the appellee as administrator, acted as such in employing appellant to collect the claim in question, to render services useful to the trust estate without the order of court, when the trustee does not profess to undertake to create a lien on the estate and he is not insolvent, and does not stipulate against his personal liability, can not proceed against the trust estate in equity to recover compensation for his services. In such case he must look to the trustee or to his estate in case of his death, and not to the successor of the trustee employing him or to the trust estate. Johnson v. Lemon et al., 131 Ill. 609; Barker v. Kunkel, 10 Brad. 407, and authority cited.

The appellant makes several points arising on the evidence and argues against its sufficiency.

We are of opinion that no such objection can be raised under the state of the record as it appears in this court.

There is no bill of exceptions showing that any exceptions were taken to the rendition of the judgment and finding by the court, only exception appears in the record of the judgment. The appellant can not assign error in this court on such record, except as to the form of the judgment, and, possibly, what may be defective in the affidavit filed as the basis and jurisdiction of the proceedings. James v. Dexter, 113 Ill. 654; Parsons v. Evans, 17 Ill. 238; Mfg. Co. v. Horton, 74 Ill. 310; Harris v. People, 130 Ill. 463. Whether this proceeding was in law or equity, or neither, is probably immaterial for the purposes of this discussion. The same rule in regard to the presumptions in favor of the orders and decisions of the County Court where it has jurisdiction of the persons of the parties and subject-matter of the litigation, prevails as in the Circuit Court. The County Court has no chancery jurisdiction. The Circuit has only such jurisdiction as the County Court possesses. Blair v. Sinnott, *supra*. But we think neither the County nor Circuit Court

had any jurisdiction to order an execution against the appellant. The case at bar is not a suit at law or equity in the sense of the right of appellant to recover judgment and obtain execution. The statute under which this proceeding is had, directs in what manner the administrator may have the right to enforce the order of the court. Section 81 provides that the court may " make such order in the premises as the case may require."

Section 82 provides the manner of enforcing the order and proves that in case the party charged shall refuse, after the order is entered requiring it to deliver up the subject of the order, that the " court may commit " such person to jail until he shall comply with the order of the " court therein." There is an entire omission to give power to award execution. That did not appear to be in the contemplation of the act, and it being a statutory remedy it should not be implied.

This is analogous to the rule in case of settlement of guardians' accounts, under order of court, to pay over balance to the ward. Such order can be enforced only by attachment. Kingsberry et al. v. Hutton et al., 140 Ill. 603. In this case the only proper way to enforce an order to pay over the money to appellee would be by attachment; and it would be erroneous to award an execution in the order.

The judgment of the Circuit Court, as to the order awarding execution against the appellant is reversed, and the order awarding the appellant to pay over the money named in the order, and time and manner specified therein, and the order for costs against appellant therein and the entire order, except as above specified, is affirmed.

It is further ordered that the costs of this appeal be taxed against appellee to be' paid in due course of administration. Judgment reversed in part and affirmed in part.

OPINION ON REHEARING, PER CURIAM.
Irrespective of the question as to whether appellant's rights were saved to object to the finding of the court below on the evidence without saving an exception in a bill

of exceptions to the rendition of the judgment, we are constrained to hold on the evidence the court below was justified in finding appellant retained the sum of money belonging to the estate mentioned in the order.

Appellant's claim of set-off consists of supposed attorney's fees rendered in collecting the money claimed in this citation, also for personal services performed as attorney for appellee and others and settlement. As shown in the former opinion, an attorney has no lien on money collected for his client as a collecting fee, but only on papers placed in his hands as retaining fee. Sanders v. Seeley, 128 Ill. 631. Nor can he obtain a lien on a trust estate, like the one in question, of which the appellee is administrator and trustee, as before stated. Johnson v. Leman, 131 Ill. 609; Booker v. Kunkle, 10 Brad. 407.

The statute referred to in the opinion herein filed, authorizing criminal proceedings to be instituted, and citation to Supreme Court against an attorney who embezzles the money of his clients collected by him after demand and tendering his fees and costs, does not aim to create a lien for fees in favor of the attorney, but simply does not allow him to be prosecuted criminally until his fees are paid.

The statute was cited to show that an attorney had no title to the money collected for his client, but that he held it as trustee only. The appellant introduced evidence tending to show settlement between himself and appellee, and that the estate money was diverted to payment of claims other than those legitimately allowable against the estate.

While we do not think such a settlement could be allowed to stand, appellant knowing the estate money was being misappropriated, yet the court found against him on that issue, which we do not feel justified in disturbing.

This court has heretofore held that exceptions to judgments in this class of cases must be preserved by bill of exceptions to authorize an appellate court to review cases on questions of fact raised by the evidence. Seavy v. Seavy et al., 30 App. R. 625.

The petition for a rehearing in this case is denied.