EUGENE T. MILLER *et al.*

*v.*

THE PEOPLE *ex rel.* Joseph Simons.

*Filed at Springfield January 12, 1895.*

1. TRIAL—*acquiescence in trial by court waives a jury.* Where the parties to a case appear and make no objection to a trial, which is had before the court without a jury, the right to a jury is deemed waived.

2. APPEALS AND ERRORS—*presumption where no question of law is preserved.* Where the question of fact involved in a trial before the court is conclusively settled by the judgment of the Appellate Court, and no propositions of law are submitted, it will be presumed, on review, that the trial court ruled correctly upon the law.

*Miller* v. *People ex rel.* 52 Ill. App. 236, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

GEORGE W. FOGG, for plaintiffs in error.

SPRIGG, ANDERSON & VAN DEVENTER, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a proceeding originally begun in the county court of Adams county, and subsequently taken by change of venue to the county court of Hancock county, by Joseph Simons, one of the executors of the estate of George A. Miller, deceased, under section 81 of the Administration act, (1 Starr & Cur. Ann. Stat. page 226), based upon his affidavit that he believed that plaintiffs in error had in their possession books of account belonging to said estate. Citation was issued, and the respondents appeared and answered. A hearing was had, and

the county court made an order finding that the books belonged to the estate, and directing that they be delivered to the clerk of the Adams county court to be held by him for the use and benefit of said estate, and subject to the inspection of all persons interested therein and to the orders of said court, etc. An appeal was taken to the circuit court, where a hearing was had, and an order was also entered by the latter court directing the books to be delivered to the clerk of the Adams county court. From the order or judgment of the circuit court, a still further appeal was taken to the Appellate Court. The latter court has affirmed the judgment of the circuit court, and the present writ of error is prosecuted to review such judgment of affirmance.

Without discussing or passing upon the question raised by counsel for plaintiffs in error, whether the matter to be determined by the court upon this proceeding was or was not a matter which either party could require to be submitted to a jury for trial, we think that the plaintiffs in error here have no just ground of complaint in this regard. The record shows that, both in the county court and in the circuit court, the issues were tried before the court without a jury, and no objection thereto was made by either party, and neither party called for a jury, although both parties were present at the trial. Where the record shows the appearance of the parties, and that no objection was interposed to a trial before the court without a jury, the right to submit the cause to a jury, if it be conceded to exist, will be deemed to have been waived, and it will be presumed that a trial by the court was acquiesced in. (*Phillips* v. *Hood*, 85 Ill. 450; *Burgwin* v. *Babcock*, 11 id. 28).

The record furthermore shows, that neither party, upon the trial, submitted to the court any written propositions to be held as law in the decision of the case. The main issue of fact to be determined was, whether the

books in question belonged to the estate of the deceased, or to one of the respondents below who claimed the right to hold them. All the questions of law discussed by counsel for plaintiffs in error grow out of, and are predicated upon, this issue. Section 128 of the act in regard to the administration of estates provides, that "the books of account of any deceased person shall be subject to the inspection of all persons interested therein." (Starr & Cur. Ann. Stat. page 249). Section 81 of said act authorizes the county court, upon affidavit made as therein specified, to cite any person, alleged to have possession of such books, to appear before it, and to examine such person under oath, and hear evidence, "and make such order in the premises as the case may require." Jurisdiction was thus conferred by the statute upon the county court to determine whether the respondent named had in his possession books of account belonging to said estate. As the circuit court, upon appeal, found the issue, upon the evidence introduced, in favor of defendant in error, the judgment of the Appellate Court, affirming that of the circuit court, is conclusive upon this court, so far as the·question of fact is concerned; and as no written propositions of law were submitted to the trial court, this writ of error presents no question of law for our decision. (*Steinman* v. *Steinman, Admx.* 105 Ill. 348). "We must assume that the trial court ruled the law correctly, and the decision of the Appellate Court conclusively determines that it ruled the facts correctly." (*National Bank* v. *LeMoyne*, 127 Ill. 253).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*