## BARNETT v. DAW et al.

(Supreme Court, Appellate Division, Third Department.   November 14, 1900.)

1. PRINCIPAL AND AGENT—UNAUTHORIZED ACTS.

   An agent with general authority to transfer his principal's property for his best interest cannot transfer a note and mortgage of his principal in discharge of his own debt, and, without his principal's consent, convey to him an interest in his own property in lieu thereof.

2. SAME—RATIFICATION—EVIDENCE—SUFFICIENCY.

   A purchaser, having assumed a note secured by mortgage, conveyed the premises to a third party, who assumed it.   An agent of the owner of the note and mortgage without authority assigned them to such third party in discharge of his own debt, and conveyed to the owner an interest in his own realty, which conveyance was recorded, though the owner had no knowledge of it.   The note and mortgage were assigned to a bank, which went into insolvency, after which, and pending suit to foreclose the mortgage, the owner transferred the realty conveyed to him by his agent to the receiver of the bank, and obtained the note and mortgage.   Held insufficient to show ratification of the agent's unauthorized transfer, since such owner was not chargeable with notice of such conveyance, and a return of the realty conveyed by the agent was necessary to a disaffirmance of his attempted transfer.

Appeal from special term, Rensselaer county.

Action by John M. Barnett against George W. Daw and others to foreclose a mortgage.   From a judgment in favor of defendants, plaintiff appeals.   Reversed.

The plaintiff, being the owner of certain premises in Wisconsin, sold them to Sunderland and Ostrander, and took back, as part of the purchase money, two notes,—one for $400 and the other for $425.   These notes were secured by a mortgage on the property sold.   One of these notes was paid.   The other one is the subject of this action.   Thereafter Sunderland and Ostrander conveyed the property to one Le Claire by a deed in which Le Claire assumed the payment of the notes and mortgage.   Subsequently Le Claire sold the premises to the defendants in this action by a deed in which these defendants assumed the payment of the said mortgage and notes.   In February, 1891, these defendants sold the same property to one Deyo by a deed in which Deyo assumed the payment of these notes and this mortgage.   At this time and prior thereto one Gates had been the general agent of the plaintiff in the state of Wisconsin, with general authority to deal with his property as he thought wise for the best interest of the plaintiff.   As such agent he had possession of this note, which was unpaid, and of this mortgage.   Deyo, who was then the owner of this property, held a mortgage upon some land owned by the agent Gates.   A barter was attempted to be made between them.   Deyo assigned to Gates the mortgage which he held upon his land, and, under a power of attorney, Gates assigned this mortgage and this note to Deyo.   Gates thereafter had recorded in the clerk's office of his county a deed to this plaintiff of a three-fourths interest in one of the lots which had been freed from the Deyo mortgage.   It does not appear in the case that any knowledge of this deed or of the consideration of the assignment of this mortgage and note ever came to Barnett until about a year after the transaction, when he, through his agent, acting under a general authority, repudiated the transfer of the property, disclaiming the authority of Gates to assign to Deyo the mortgage and note, and brought action to foreclose the mortgage.   Meanwhile Deyo, after having obtained possession of this mortgage and note, transferred the same to the Douglas County Bank, of which he was then president.   This bank thereafter went into the hands of a receiver,—the Northern Trust Company,—which took possession of this note and this mortgage.   This receiver was made a party defendant in this foreclosure action, and set up in defense its own ownership of the mortgage. While that action was pending, with the concurrence of Gates this plaintiff

deeded to this receiver the land which Gates had attempted to deed to him, and took from the receiver an assignment of this mortgage and of the note. The foreclosure action proceeded to judgment and sale, and upon the sale the sum of about $25 was realized. Thereafter this action was brought upon the note against the defendants upon their covenant to pay the same contained in the deed by which they purchased the property. The defendants have asserted two defenses to this action: First, that the transfer by Gates of this mortgage and this note to Deyo was authorized under the general authority possessed by Gates; secondly, that, if not authorized, the transfer was afterwards ratified by the plaintiff. Upon both of these contentions the defendants have prevailed with the referee, and from the judgment dismissing the complaint this plaintiff has appealed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Davenport & Hollister (William H. Hollister, Jr., of counsel), for appellant.

Samuel Foster, for respondents.

SMITH, J. The facts found by the referee are mostly admitted; his legal conclusions challenged. Upon January 29, 1896, Titus, as attorney for the plaintiff, with full authority, repudiated in the plaintiff's behalf both the attempted transfer by Gates to plaintiff, and the attempted barter between Gates and Deyo. That Gates had specific authority from Barnett to make this barter with Deyo is not pretended. His power of attorney from Barnett was simply the instrument in the execution of the general authority to the agent to transfer the property, if for the interest of the principal. This general authority gave to Gates no power whatever to transfer to Deyo in payment of his own debt and discharge of his own mortgage. This rule of law is based upon sound reason, and is fortified by abundant authority. See 1 Am. & Eng. Enc. Law (2d Ed.) 1174; De Bouchout v. Goldsmid, 5 Ves. Jr. 211; Holton v. Smith, 7 N. H. 446; Benny v. Rhodes, 18 Mo. 147; Trustees v. McCormick, 41 Ill. 323; Warner v. Martin, 11 How. 224, 13 L. Ed. 667. This attempted transfer, then, of the mortgage and note from Gates to Deyo was clearly voidable, and has been disowned by the plaintiff, both in the letter of Titus in January, 1896, and by the commencement of the action to foreclose the mortgage. Defendant contends, however, that a ratification of this transfer can be found both in plaintiff's long silence after the recording of the deed to him, and also from his dealings thereafter with the Northern Trust Company in transferring to them the title of the property received from Gates. But of this deed or attempted barter Barnett at that time had no knowledge. No ground is shown for suspicion on his part of irregularity on the part of Gates which would naturally lead him to make inquiry. The knowledge of Gates clearly cannot be attributed to the plaintiff, because the act of Gates was in excess of his authority, and for his own benefit. A ratification through constructive notice or presumed notice from Gates can hardly be urged in behalf of Deyo, who knew he was dealing with Gates for Gates' personal benefit, and therefore presumedly in excess of his authority. Nor can we find any ratification of this attempted barter in the subsequent deal-

ing between the plaintiff and the Northern Trust Company. If Deyo, the particeps criminis, had still held this mortgage and note, Barnett would have been required to return to him the property received by him as the fruit of the barter, as a condition of demanding the return thereof. The Northern Trust Company, the receiver of Deyo's assignee, had the same right to demand this property in consideration of the return to plaintiff of this security. The transfer, then, by plaintiff to the Northern Trust Company was not only proper, but necessary to the disaffirmance of this attempted barter. The plaintiff took this mortgage and note from the Northern Trust Company, not by reason of their assignment, but through his legal right thereto, after having disaffirmed a voidable transfer. The assignment to him by the Northern Trust Company in no way limits the rights he would have under the rescinded transfer, but only makes clear the record title. It was in fact unnecessary, and can be treated as surplusage. These defendants have covenanted to pay this note. From this covenant they have been in no way released by any act of Barnett, and cannot be released by an unauthorized act of his agent. From the evidence, therefore, we are unable to find any valid defense to the plaintiff's cause of action. The judgment ordered by the learned referee must therefore be set aside, and a new trial granted.

Judgment reversed on the law and the facts, referee discharged, and new trial granted, with costs to the appellant to abide the event. All concur.