JESSE WILLIAMS, Appellant, *v.* JOHN CONLEY, Administrator, etc., Appellee.

APPEAL FROM CLAY.

The proceeding authorized by the ninetieth section of the statute of Wills, was not designed to aid in the collection of debts due to estates; but for the purpose of obtaining the possession of the identical articles, or the identical money, which belonged to the deceased in his lifetime.

THIS case is stated in the opinion of the court.

S. L. BRYAN, and E. L. HOWETT, for Appellant.

A. KITCHELL, for Appellee.

CATON, C. J. This was a proceeding under the ninetieth section of our statute of Wills, which is in these words: "If any executor, or administrator, or other person, interested in any estate, shall state upon oath to any court of probate, that he believes that any person has in his possession, or has concealed or embezzled any goods, chattels, moneys, or effects, books of account, or any evidences of debt whatever, or titles to land belonging to any deceased person, the court shall require such person to appear before it by citation, and may examine him on oath touching the same, and if such person shall refuse to answer such proper interrogatories as may be propounded by the court, or person interested as aforesaid, or shall refuse to deliver up such property or effects as aforesaid upon a requisition, being made for that purpose by an order of the said court of probate, such court may commit such person to jail until he shall comply with the order of the court thereon."

Williams was cited to appear before the probate court upon an affidavit, stating that he had money in his possession belonging to the estate of John Conley, deceased, and in answer to interrogatories, showed that his wife, who was a daughter of the deceased, had received a pocket-book from her father before

his decease, which contained money, a part of which he had paid to one Maxwell for his trouble in taking care of the deceased. What became of the balance of the money, does not appear. Conley died a few days after the pocket-book was given to Mrs. Williams, and two years before the examination on the citation. Williams supposed that the money was given to his wife as a present. There is no probability, nor do we presume, that the court found, that Williams still had the money in his possession in specie, although it is undoubtedly true, that he was indebted to the estate for the amount received by his wife of her father for safe keeping. We think the statute quoted was not designed to afford the means of collecting debts due to estates, but for the purpose of obtaining the possession of money, books, papers, or property, which remained in specie, and which was capable of being identified and pointed out. Unless Williams had the identical money in his possession which had been received by his wife, the court could not properly order him to pay it over to the administrator, nor would it be possible for him to comply with such order. The payment of other money to an equal amount, would not be a compliance with the statute, nor of a proper order of the court made under the statute, any more than it would be to deliver one horse, when he had received another. We think the court misconstrued the statute, and its judgment must be reversed and the cause remanded.

<em>Judgment reversed.</em>