## *In re* REBECCA WOLFORD.

### No. 437. (62 Pac. 731.)

PROBATE COURT—*Title to Property—Contempt—Jurisdiction.*
Probate courts have not jurisdiction under the summary proceedings provided by sections 174 to 178 of chapter 107, General Statutes of 1897 (Gen. Stat. 1899, §§ 2885–2889), to try the title to property or to enforce the payment of debt by commitment as for a contempt.

*In re* Wolford.

Original proceeding in *habeas corpus.* Opinion filed October 27, 1900. Petitioner discharged.

### STATEMENT.

THE administrator of the estate of one Hiatt, deceased, filed a complaint in the probate court of Cloud county charging that the petitioner herein had concealed, embezzled and conveyed away $1800 of the money and divers articles of personal property of the estate of said decedent. A citation was issued and the petitioner brought before the court and examined. Her examination was reduced to writing and filed in the probate court. The testimony of her husband and other witnesses was likewise taken, reduced to writing, and filed in the proceeding. An order was made by the probate court that the petitioner pay to the administrator $1000. Subsequently the administrator complained of the petitioner that she had not paid the money, in accordance with the direction of the court, and asked for a writ of attachment. She was brought into court and, without any formal hearing or evidence of any character being introduced, committed to the jail of Cloud county until she should pay the money or the matter should be otherwise disposed of. Being so in custody, she files her petition, praying for a writ of *habeas corpus*, alleging that she is unlawfully restrained of her liberty, and urges numerous reasons why the probate court was without jurisdiction to adjudge her guilty of a contempt and adjudge her commitment to the jail therefor. By the evidence contained in the record, it is disclosed that this money was given her by Hiatt, the deceased, some two years prior to his death, as a compensation for care theretofore bestowed by the petitioner and thereafter to be bestowed upon him during his lifetime. There was

an attempt on the part of the administrator to show that at the time this arrangement was made by Hiatt with the petitioner, he (Hiatt) was of unsound mind and mentally incapacitated to make a contract.

*Caldwell, Wilmoth & Ackley*, for petitioner.

*C. W. Vandemark*, and *Theo. Laing*, for respondent.

The opinion of the court was delivered by

MAHAN, P. J.: The record discloses that the probate court assumed jurisdiction not only to try the title to the money but to adjudicate a contract made by the deceased with the petitioner in his lifetime, and to hold the contract invalid for the want of mental capacity on the part of the deceased to enter therein. The petitioner objected to the court entering upon an investigation of the mental condition of the deceased, but her objection was overruled by the court.

We do not deem it necessary to notice the many objections urged to the proceeding. It is not necessary to determine whether the citation in the first instance was properly issued, nor whether the affidavit was sufficient, as the petitioner appeared and submitted to an examination without objection. Nor do we deem it necessary to determine whether the affidavit for the writ of attachment was sufficient, or whether the writ was properly entitled or directed.

We are of the opinion that the probate court was without jurisdiction to try the title or to adjudicate the validity of any contract made between the parties in this summary proceeding, or in fact in any proceeding, nor had it the jurisdiction to enforce the judgment of a debt by contempt proceeding. The statute does not authorize it. The collection of the

assets of the estate by the administrator cannot be enforced through the probate court except under the provisions of the sections alluded to above, and this summary proceeding is only applicable where the property of the estate remains *in specie* in the hands of the party against whom the complaint is made at the time the complaint is filed. (See 1 Woerner, Law of Adm. § 151, *et seq.*, and vol. 2, § 325; *Dinsmore v. Bressler*, 45 N. E. (Ill.) 1086; *White v. Gates,* 42 Ohio St. 109; *Ex parte Hollis*, 59 Cal. 405; *Larabee v. Selby*, 52 Cal. 506; *Ex parte Casey*, 71 Cal. 269, 12 Pac. 118; *Dameron's Adm'r v. Dameron*, 19 Mo. 317.)

The probate court being without jurisdiction to adjudicate the title to the property or to commit for a contempt for a failure to pay money upon an indebtedness to an estate, if such existed, the detention of the prisoner was unlawful, and she must be discharged.