Humbarger v. Humbarger.

HENRY HUMBARGER *et al.* v. JOHN HUMBARGER.

No. 14,339.    (83 Pac. 1095.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Probate Court—Bill of Exceptions.* Probate courts have authority to settle and sign bills of exceptions.

2. PRACTICE, SUPREME COURT—*Evidence and Rulings Attached to the Bill—Identification.* To preserve the evidence and rulings thereon they should be made a part of a bill of exceptions, and where the bill itself recites that certain evidence and rulings are attached to, and made a part of, the bill of exceptions, and they are so plainly identified that no doubt can arise but that they were settled by the court as a part of the bill of exceptions, they may be so considered.

3. ——— *Date of Proceedings—Construction of Record.* From a statement in the record that the hearing began on a certain date, where each successive step in the case, including the settling and signing of the bill of exceptions, is introduced by the term "thereupon," without naming any other date, it will be inferred that one step followed another without delay and that all occurred on the date named in the entry.

4. PRACTICE, PROBATE COURT—*Concealment—Discovery—Scope of Proceeding.* The summary proceeding in the probate court, under section 3002 of the General Statutes of 1901, for the discovery and to compel the delivery of property or effects of an estate suspected of having been concealed, embezzled, or conveyed away, is not a proper remedy to enforce the payment of a debt to an estate or to try contested rights to property as between the representative of the estate and others.

5. ——— *Concealment Not Being Shown, Proceeding Properly Discontinued.* In a hearing upon a charge that a person who had given a promissory note, an asset of an estate, was concealing it, where it was developed that there was in fact no concealment of the note, and it was then proposed to extend the inquiry as to his liability upon the note, the court was justified in closing the investigation and discontinuing the proceeding.

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed December 9, 1905. Reversed.

*Z. C. Millikin,* for plaintiffs in error.
*David Ritchie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a summary proceeding begun in the probate court upon complaint of John Humbarger, an heir at law of Susan Humbarger, deceased, in which he alleged that his brothers, Henry Humbarger, George Humbarger, and Thurston Humbarger, were concealing money, property and effects of the estate of Susan Humbarger, deceased, and asked that they be cited to appear and answer questions propounded to them by the court touching such concealment. A citation was issued and an examination had, at the end of which the probate court found that there was no concealment of the assets of the estate by the respondents, and the proceeding was discontinued. In the course of the hearing the probate court sustained objections to questions asked of Henry Humbarger, and to these rulings exceptions were taken. A bill of exceptions was presented to, and allowed by, the probate court, and this was made the basis of a proceeding in error in the district court. That court reversed the decision of the probate court, and of these rulings plaintiffs in error complain.

The first contention is that the district court had no jurisdiction to review the rulings of the probate court in the admission of testimony, because such rulings never became a part of the record. The ground of this claim is that the probate court had no power to settle and sign a bill of exceptions. Aside from the right of appeal from a decision of the probate court, express authority is given for the review of its judgments and final orders by a proceeding in error to the district court. (Code, § 541; Gen. Stat. 1901, § 5018.) It is argued, however, that as the jurisdiction of the probate court is limited it has only such authority as is specifically conferred, and that the right to prosecute a proceeding in error from that court does not

imply that it has authority to settle and sign a bill of exceptions. There appears to be express legislative authority for the settling and signing of a bill of exceptions by the probate court. The statute declares that probate courts are courts of record. (Gen. Stat. 1901, § 1974.) By another statutory provision courts of record and the judges thereof at chambers are given authority to settle and sign bills of exceptions, and also to extend the time for doing so beyond the term. (Laws 1901, ch. 275, § 1; Gen. Stat. 1901, § 4753.)

It is next contended that the evidence and rulings were attached to, rather than embodied in, the bill of exceptions, and were not so preserved as to make them a part of it. It is true that a mere reference to papers or proceedings, without embodying them in the bill of exceptions, is not sufficient. They must be made a part of the bill of exceptions in some way, and so plainly identified as a part of it that no mistake can be made as to what is included in the bill. Here it is recited in the bill that the evidence is "attached hereto, and made a part of this bill of exceptions." Since the evidence and rulings are fully identified and specifically made a part of the bill, they cannot be ignored because of the manner in which they were incorporated into it, or because of the part of the bill in which they were placed. It is a better and safer method to place the proceedings and papers to be preserved in the body of the bill, preceding the signature of the judge, and thus avoid any question as to what is incorporated in it. The courts give a liberal construction to a bill, and are inclined to disregard mere formal defects and irregularities that do not cloud the record or violate a statutory requirement. In this case there can be no misapprehension as to what the bill contains, nor whether the evidence and rulings in question were settled by the probate court as a part of the bill of exceptions.

Although questioned, it sufficiently appears that the bill was settled in good time. The final hearing be-

gan on February 8, 1904, and in the recitals of the subsequent steps, including the order of the court and the settling and signing of the bill of exceptions, each is introduced by the word "thereupon." So used, the word means that one step followed another immediately and without delay, and justifies the conclusion that all occurred on the date of the hearing. (*Dewey v. Linscott,* 20 Kan. 684; *Hill v. Wand,* 47 Kan. 340, 27 Pac. 988, 27 Am. St. Rep. 288.)

The final question raised in the case is, Did the probate court err in rejecting further evidence and in discontinuing the proceeding? The asset of the estate involved in the inquiry was a promissory note given by Henry Humbarger to his father. The only thing charged in the complaint was concealment. Without hesitation Henry Humbarger testified that the note had been given, and he stated the amount for which it was given, and, further, that it had been fully paid and the debt discharged. He went further, and stated that it had been paid partly in money, partly in services, and partly in board. The complainant tried to push the inquiry still further as to the payment of the note and as to whether Henry's liability thereon had been discharged. His liability on the note could not be determined in that proceeding by that court. It was a summary proceeding brought under section 3002 of the General Statutes of 1901. That statute provides:

"Upon complaint made to the probate court by the executor, administrator, creditor, devisee, legatee, heir, or other person interested in the estate of any deceased person, against any person suspected of having concealed, embezzled or conveyed away any money, goods, chattels, things in action, or effects of such deceased, the said court shall cite the person suspected forthwith to appear before it and to be examined on oath or affirmation touching the matters of the said complaint."

The testimony of the parties examined is to be reduced to writing and filed in the probate court, and if the court is of opinion that the accused is guilty of

either concealing, embezzling or conveying away any of the assets of the estate it may order and compel the delivery thereof to the executor or administrator or person entitled to receive the same. (Gen. Stat. 1901, §§ 3002-3006.) The purpose of the proceeding is to make discovery and compel production of the property of an estate suspected of having been concealed, embezzled, or conveyed away, but it cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate, or to try controverted questions of the right to property as between the representative of the estate and others. One purpose is to perpetuate evidence against the party charged, to be used if necessary in an action brought for the recovery of the property in a court of competent jurisdiction. In *Moss v. Sandefur, Ex.*, 15 Ark. 381, it was held under a similar statute that it was intended to compel a discovery and delivery of the assets of an estate which were secretly and unlawfully held, but that it did not invest the probate court with jurisdiction of contested rights and matters of litigation as to the title to property. A like provision was before the supreme court of Illinois in *Dinsmoor v. Bressler*, 164 Ill. 211, 221, 45 N. E. 1086, where it was said:

"The summary proceeding in the probate court to compel the production and delivery of property 'is not the proper remedy . . . to try contested rights and title to property between the executor and others.' (2 Woerner's Am. Law of Adm'n, § 325, p. 681.) 'Nor does the power conferred upon probate courts to subpœna and examine parties alleged to conceal or withhold property of the estate authorize such courts to try the title to the property in dispute.' (1 Woerner's Am. Law of Adm'n, § 151, p. 347; Schouler on Ex'rs and Adm'rs, § 270.) If sections 81 and 82 could be used to settle contested rights to property as between executors and administrators on the one side and third persons on the other, they would operate as an infringement upon the constitutional right to trial by jury, as they contain no provision for a jury trial."

(See, also, *In re Wolford*, 10 Kan. App. 283, 62 Pac.

731; *Howell v. Fry, Administrator,* 19 Ohio St. 556; *Ex parte Casey,* 71 Cal. 269, 12 Pac. 118; *Gardner v. Gillihan,* 20 Ore. 598, 27 Pac. 220; *Gibson v. Cook, Adm'r,* 62 Md. 256; *Matter of Beebe,* 20 N. Y. Supr. Ct. 462.)

Here the charge was concealment, and when the testimony developed that there was no concealment of the note—the subject of inquiry—the end of the investigation was reached. No doubt existed that there was a note, and that it belonged to the estate; and the only quesion left was whether it had been paid by Henry Humbarger, or whether he was still liable for all or part of it. The proceeding was a proper remedy to compel the delivery of the note itself, if it had been concealed, but not to enforce its payment, nor to try the title to the note as between parties claiming to own it. Courts will not be disposed to hamper such investigations so long as there remains a question whether effects of the estate have been concealed, embezzled, or conveyed away, but where, as in this case, the charge is not sustained, and it appears that there was no concealment, further inquiry as to the payment and whether there still existed any liability is useless, and beyond the scope of the proceeding. The probate court rightly refused to go into the question of the indebtedness of the respondent Henry Humbarger, and therefore the judgment of the district court is reversed and the cause remanded for further proceedings.   .

All the Justices concurring.