CAROLINE MOORE *et al.* Plaintiffs in Error, *vs.* CATHERINE
    BRANDENBURG *et al.* Defendants in Error.

*Opinion filed December 21, 1910—Rehearing denied Feb. 8, 1911.*

1. DESCENT—*exception to rule that heirs cannot bring actions
to reduce personal estate to possession.* An exception to the rule
that the administrator represents the deceased as to the personal
estate and is entitled to possession of it, and that the heirs have
no such title to the personal estate as entitles them to bring suits
in regard thereto, exists where there are no debts or any claims
against the deceased and no administration.

2. EXECUTORS AND ADMINISTRATORS—*when appointment of an
administrator is unnecessary.* If there are no debts or demands
against an intestate and no duties which an administrator could
perform except to distribute the assets among the heirs it is un-
necessary to appoint an administrator, and the heirs may maintain
necessary actions for the purpose of reducing the personal estate
to possession in order that it may be distributed.

3. EQUITY—*equity may take jurisdiction of distribution of es-
tate under unusual circumstances.* While a court of equity will
not ordinarily take jurisdiction of the distribution of an estate
among the heirs of an intestate, yet it may do so under circum-
stances which are extraordinary or unusual.

4. SAME—*when equity has jurisdiction of bill by heirs to re-
cover distributive shares of personal estate.* A court of equity has
jurisdiction of a bill by certain heirs of an intestate against the
widow and the other heirs which alleges that the deceased died
intestate, leaving no debts, and that the funeral expenses are paid;
that no administrator was appointed; that the deceased was of
unsound mind, and while in such condition gave away his entire
personal estate to the defendants through their fraud and undue
influence and without consideration, and that the defendants have
collected large sums belonging to the estate which they have re-
tained and for which they refuse to account to the complainants,
who are entitled to their distributive shares.

5. SAME—*when equity may retain jurisdiction to distribute
property among heirs.* Where a court of equity takes jurisdiction
of a bill by certain heirs against the widow and the other heirs to
set aside gifts of the intestate to the defendants, which it is al-
leged were obtained by the fraud and undue influence of the de-
fendants and the unsoundness of mind on the part of the intestate,
it may retain jurisdiction to distribute the property if it is deter-
mined that the title of the defendants is invalid and that the com-
plainants are entitled to their distributive shares.

6. SAME—*when citation under sections 81 and 82 of the Administration act is not an adequate remedy at law.* Where a bill is filed by certain heirs against the widow and other heirs for an accounting and to set aside gifts of the intestate's personal estate to the defendants upon the ground of fraud and undue influence by them and the unsoundness of mind of the intestate, the court should not decline to take jurisdiction upon the ground that the parties have a remedy by appointing an administrator and proceeding against the defendants by citation, under sections 81 and 82 of the Administration act, as such a proceeding is not a proper one to try contested rights and title to property between the executors and others.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

This is a bill in equity brought by plaintiffs in error, Caroline Moore, Frank Brandenburg, George Brandenburg and Mary Jones, against defendants in error, Catherine Brandenburg, Christian Brandenburg, Ruby Brandenburg and Raymond Brandenburg, in the circuit court of LaSalle county, to cancel and set aside certain gifts, transfers and assignments of money and other personal property made to the defendants in error by Peter Brandenburg, now deceased, and for an accounting.

The bill alleges that Peter Brandenburg departed this life at Serena, LaSalle county, on August 16, 1907; that he left surviving Catherine Brandenburg, his widow, and Christian Brandenburg and plaintiffs in error, his children and only heirs-at-law; that at the time of his death he possessed personal property, consisting of moneys, notes, mortgages, securities, bank accounts and other goods and chattels, to the value of $40,000; that no administrator had been appointed and there had been no settlement of his estate; that he left no debts and his funeral and other burial expenses had been paid; that for a long time prior to his death he was old and infirm in body and of unsound

mind; that he was wholly incapable of transacting his business affairs or of making disposition of his property; that the defendants in error Catherine Brandenburg and Christian Brandenburg for a long period of time prior to the death of the said Peter Brandenburg assumed the control and management of his property and business interests and retained exclusive control and management of the same to the time of his death; that, knowing his mental and physical condition, they took advantage of the trust and confidence growing out of their management of his property, and by fraudulent representation as to the nature and effect of said gifts and transfers induced the said Peter Brandenburg to make them certain gifts of money and property, as follows: To Catherine Brandenburg money and property to the value of $20,000, to Christian Brandenburg money and property to the value of $10,000, and to Ruby Brandenburg and Raymond Brandenburg, each, money and property to the value of $2000; that said gifts and transfers of money and property were made without consideration and at the request and solicitation of defendants in error; that said gifts and transfers of money and property were fraudulently obtained, and that said Peter Brandenburg was induced to make said gifts and transfers without at the time knowing or understanding the nature and effect thereof or the kind or amount of property so transferred. The bill alleges that the said defendants in error Catherine Brandenburg and Christian Brandenburg resorted to fraudulent practices and to falsehood and misrepresentation to induce the said Peter Brandenburg to make and execute the said pretended gifts, transfers and assignments of money and property, and that in making them the said Peter Brandenburg was under improper restraint and undue influence of the said Catherine Brandenburg and Christian Brandenburg. The bill further alleges that while having charge and control of the property, business interests and effects of the said Peter Brandenburg,

said Catherine Brandenburg and Christian Brandenburg received, collected and drew from various banks large sums of money belonging to said Peter Brandenburg and to his estate, and that they have retained the same and refuse to account for it or any part thereof. The bill prays that the pretended gifts and transfers be set aside and for an accounting and that the rights and interests of the parties to the suit may be determined by the court.

An answer was filed by the guardian *ad litem* of Ruby Brandenburg and Raymond Brandenburg, minor defendants. The defendants Catherine Brandenburg and Christian Brandenburg demurred to the bill. The demurrer was sustained and the bill dismissed for want of equity. The case was appealed to the Appellate Court for the Second District, which affirmed the decree of the circuit court, and the case has been brought to this court by writ of *certiorari.*

C. A. DARNELL, and L. B. OLMSTEAD, for plaintiffs in error.

BUTTERS & ARMSTRONG, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Two questions are involved in this litigation: First, do the heirs of an intestate, where there is no administration and no debts, take such title to the personal estate as will enable them to maintain a bill to procure their distributive share of the estate? Second, have the plaintiffs in error an adequate remedy at law for the relief asked? As an incident to the first contention it is also insisted that a court of equity will not, unless the circumstances be unusual, assume jurisdiction to administer an estate. It is undoubtedly true that a court of equity will not ordinarily take jurisdiction of the distribution of an estate among the heirs of an intestate. This will only be done under circumstances extraordinary or unusual in character, and in

the decision of this case we are called upon to determine whether the case made by the bill is one justifying the exercise of equitable jurisdiction.

The contention of defendants in error that no title to personal property of an intestate vests in the heirs without administration, and they cannot therefore maintain a bill in equity to procure their distributive share of the estate, is true only in a modified degree. While the naked legal title to the personal property of an intestate vests in the administrator, the equitable interest vests in the heirs and the administrator holds the property in trust for the payment of debts. The residue after the payment of debts belongs to the distributees. (*People* v. *Brooks,* 123 Ill. 246.) The general rule is that the administrator represents the deceased as to the personal estate and is entitled to take possession of it, and when the liabilities are discharged distribute the residue to the heirs according to the laws of descent, and where there is an administrator the heirs are not entitled to sue for and recover property belonging to or demands due the intestate. There is, however, an exception to the general rule where there are no debts or claims of any kind against the estate, and nothing for an administrator to do, if one should be appointed, except to distribute the personal estate to those entitled to it by law. In such cases, although the authorities are not in entire harmony, the weight of them is that it is unnecessary to go through the legal form of having an administrator appointed for the sole purpose of distributing the personal estate, but the heirs may maintain necessary actions for the purpose of reducing property to possession in order that it may be distributed. In *McCleary* v. *Menke,* 109 Ill. 294, and *Lynch* v. *Rotan,* 39 id. 14, it was held that where there are no debts of the intestate and no administration upon the estate, the heirs are entitled to the property and may maintain an action therefor in their own names.

In *People* v. *Abbott,* 105 Ill. 588, the sole heir of an intestate took possession of the personal property and after the payment of all debts and liabilities appropriated and disposed of the personal estate. Part of the property thus disposed of consisted of notes due the intestate, which the sole heir endorsed, transferred and delivered to another. The transferee died testate, and her executor took possession of and inventoried the notes as assets of her estate. Afterwards an administrator of the sole heir's intestate was appointed and endeavored to cause the notes, or the proceeds thereof, to be delivered to him by a citation under sections 81 and 82 of the Administration act. The title of the assignee of the notes was sustained. This court said (p. 595) : "If the notes be delivered to the administrator he has only the duty of paying the proceeds to Lee, (the heir,) but Lee not being entitled to them equitably, he could be made, by the decree of a court of chancery, to pay them over to appellees." Here the bill alleges that no administrator has been appointed; that the deceased left no debts; that his funeral and other burial expenses have been fully paid, and that there is no property or effects belonging to the estate other than as mentioned in the bill. These allegations are admitted by the demurrer to be true. There is no dispute as to who are the heirs of Peter Brandenburg and as to their distributive shares in his personal estate, if he left any such estate. No one but the widow and heirs has any interest in the personal property or is entitled to share in its distribution. The equitable title is in them. The disagreement is not as to the right of any of the parties to share in the distribution of the personal property of the intestate, but is as to the title of the intestate to the property at the time of his death, and that must be determined before there can be any distribution. If the allegations of the bill are true,—and they are admitted to be true by the demurrer,—then the defendants in error are not the owners of the property but it belongs to the heirs

of Peter Brandenburg, and, there being no creditors, the heirs may sue for and recover the property. There can be no doubt that under the allegations of the bill a court of equity has jurisdiction to hear and determine the validity of the title to the property claimed by the defendants in error, and we see no reason why a court of equity cannot distribute the property, if it is determined there is any to distribute, as fairly and justly as the probate court. The respective shares of all the parties are fixed by statute, except the amount of the widow's award, and there is no insurmountable difficulty in the way of a court of equity fairly and justly fixing that.

In *Spencer* v. *Spruell*, 196 Ill. 119, an heir of an intestate filed a bill in chancery to set aside conveyances of real and personal property made by him during his lifetime. The bill alleged he was not possessed of sufficient mental capacity to make disposition of his property and that he was unduly influenced by those to whom the property was given. It was held the allegations of the bill were sustained by the proofs and a decree was entered setting aside the conveyances and transfers of the property. It does not appear that the right of the heir to maintain the bill in her own name was questioned in that case, but this court affirmed the decree of the circuit court and held that that court had full power to render the decree it did.

That cases where there are no debts of the intestate and no administration of the estate form an exception to the rule that heirs cannot sue for and recover property of the estate in their own right has been held, we believe, by a majority of the courts of last resort in other States where the question has been presented and passed upon. Some of the decisions so holding are: *Ferguson* v. *Barnes,* 58 Ind. 169; *Giddings* v. *Steele,* 28 Tex. 733; 91 Am. Dec. 336; *Magel* v. *Milligan,* 150 Ind. 582; 65 Am. St. Rep. 382, and cases cited in note; *Teal* v. *Chancellor,* 117 Ala. 612. The author of the chapter on Descent and Distribu-

tion in 14 Cyc. in discussing this subject says (p. 109) : "According to the weight of authority, however, where there are no debts and no letters of administration have been granted, the heirs or distributees may take or divide and enforce choses in action of the intestate or receive payment of and discharge the same." And on page 157: "An heir or distributee may maintain a bill in equity against his co-heirs or co-distributees for an accounting or for the purpose of obtaining his distributive share of an estate where the administration has been closed, or where there has been no administration and there are no creditors, or where there has been a mistake as to the value of the property of decedent or fraud in settling the estate."

In our opinion, if there were an administrator appointed under the facts alleged in the bill in this case, he would be required to resort to a court of equity to have the title to the property in dispute determined. The only parties having any interest in the property in dispute are parties to this litigation, and the bill makes a case for the exercise of equitable jurisdiction. A court of equity having been properly appealed to for relief, will not, if the bill is sustained by the proof, stop with merely declaring the title of defendants in error to be invalid, but will retain jurisdiction for the purpose of adjusting all the rights of the parties, even though in doing this it may be, in part, administering purely legal remedies. In discussing the right of an heir to the personal property of an intestate without administration, where there were no debts, this court, in *Lewis* v. *Lyons,* 13 Ill. 117, used language that seems pertinent to this case. The court said (p. 121) : "It would be a mockery of justice for a court of chancery to require the heir to pay over the money to the administrator when he has no debts to pay and no legitimate use for it, merely for the purpose of allowing him to retain and use it for perhaps two years and then to pay it back to the heir, retaining his costs and commissions,—costs uselessly made and com-

missions earned by no beneficial services, but in a business which he seeks through an expensive suit in chancery and which can benefit himself alone."

We conclude that under the allegations of the bill in this case neither reason nor justice requires a dismissal of this proceeding and the appointment of an administrator to do the same thing that may be as fully and completely done by a court of chancery in this case, and while this conclusion is not sustained by all the authorities, it is by a very large number, and, we believe, by a much greater weight of them.

Defendants in error contend that the demurrer was properly sustained because plaintiffs in error have a complete and adequate remedy at law. The remedy pointed out is the appointment of an administrator, and a proceeding, under sections 81 and 82 of the Administration act, by citation against defendants in error. Those sections have been frequently before this court and as understood and construed were not designed to apply to a case like this. In the case of *Dinsmoor* v. *Bressler,* 164 Ill. 211, the court said, on page 221: "The summary proceeding in the probate court to compel the production and delivery of property 'is not the proper remedy * * * to try contested rights and title to property between the executor and others.' (2 Woerner's Am. Law of Administration, sec. 325, p. 681.) 'Nor does the power conferred upon probate courts to subpœna and examine parties alleged to conceal or withhold property of the estate authorize such courts to try the title to the property in dispute.' (1 id. sec. 151, p. 347; Schouler on Executors and Administrators, sec. 270.) If sections 81 and 82 could be used to settle contested rights to property as between executors and administrators on the one side and third persons on the other, they would operate as an infringement upon the constitutional right to trial by jury, as they contain no provision for a jury trial." This case was cited with approval

in *Martin* v. *Martin,* 170 Ill. 18, where the court said (p. 28) : "The statute is not designed to afford the means of collecting debts due to estates, (*Williams* v. *Conley,* 20 Ill. 643,) nor to try contested rights and title to property between the executors and others. (*Dinsmoor* v. *Bressler, supra.*) The mere fact that one party to the controversy is an executor will not justify depriving the other party of a trial by jury or authorize his imprisonment, but in a proper case the court may order the property or effects to be delivered up, or the proceeds or value thereof in case the same has been converted."

Statutes authorizing a summary proceeding in the probate court for the discovery of concealed assets of an estate exist in many States of the Union. Some of them are similar to ours and some do not confer as much power on the probate court as our statute. The construction we have given our statute is in harmony with that given similar statutes in other States. (*Humbarger* v. *Humbarger,* 72 Kan. 412; 115 Am. St. Rep. 204, where an exhaustive note will be found.) Furthermore, the bill in this case prays for an accounting by defendants in error for portions of the property converted and disposed of by them, and it certainly could not be contended that such relief could be granted by the probate court in a proceeding by citation under sections 81 and 82. In our opinion, whether the case made by the bill is one for the exclusive jurisdiction of a court of equity or not, it is a proper case for equitable jurisdiction, and the demurrer to the bill should have been overruled.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*