[Civ. No. 3979. First Appellate District, Division One.—March 10, 1922.]

## ALICE L. KOERBER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—TRIAL OF TITLE TO PERSONAL PROPERTY—LACK OF JURISDICTION.—The superior court, sitting in probate, in the exercise of its jurisdiction pursuant to sections 1459, 1460, and 1461 of the Code of Civil Procedure, cannot try and determine questions of title to personal property.

[2] ID.—CHARGE OF EMBEZZLEMENT—ANSWER DENYING ACCUSATIONS AND ASSERTING OWNERSHIP—JURISDICTION TO DETERMINE TITLE NOT CONFERRED.—A respondent in a proceeding under sections 1459, 1460, and 1461 of the Code of Civil Procedure charging her with embezzlement of personal property belonging to an estate does not voluntarily submit to the jurisdiction of the probate court the question of the title to the property by the filing of an answer denying the accusations and asserting her claim of ownership.

[3] ID. — JUDGMENT DIRECTING DELIVERY OF PROPERTY — REMEDY OF RESPONDENT—PROHIBITION.—A writ of prohibition is the proper remedy of the respondent in such a proceeding where it is ad-

judged that the estate have and recover the property, that the respondent deliver the same within ten days, and that in event of refusal, compliance with the judgment be enforced by contempt proceedings.

APPLICATION for a Writ of Prohibition to restrain the Superior Court sitting in probate from adjudicating title to personal property. Frank H. Dunne, Judge. Granted.

The facts are stated in the opinion of the court.

Louis Oneal, Sullivan & Sullivan and Theo. J. Roche for Petitioner.

C. J. Heggerty and J. E. Barry for Respondents.

KNIGHT, J., *pro tem.*—This is an application for a writ of prohibition to restrain and prohibit department nine of the superior court of the state of California, in and for the city and county of San Francisco, and the judge thereof, from rendering any decision or entering any judgment adjudicating the title to certain personal property which it is claimed belongs to the estate of May Ferguson, deceased.

The admitted facts are that May Ferguson, a resident of the city and county of San Francisco, died therein on July 23, 1920, leaving an estate. The heirs at law surviving her are her husband, William J. Ferguson, and the petitioner herein, Alice L. Koerber, who is a daughter by a prior marriage. On December 20, 1920, the surviving husband, William J. Ferguson, filed in said court a petition for the probate of a purported will of said decedent, for his appointment as administrator with the will annexed, and for his appointment as special administrator of said estate. On February 7, 1921, pursuant to said petition, he was appointed, and immediately afterward qualified as such special administrator, but no action has been taken on that part of the petition relating to the probate of the will and for the appointment of an administrator with the will annexed. In said petition, filed December 20, 1920, it was also, among other things, alleged that during the last illness of said May Ferguson and a few days prior to her death the said Alice L. Koerber surreptitiously obtained possession

of the keys to the safe deposit box of said May Ferguson and wrongfully removed therefrom the will of the said May Ferguson, and also cash in the sum of $9,995, and jewelry of the value of $3,250, and that she has converted said cash and said jewelry to her own use.

As part of the relief asked for in said petition the court was requested to issue a citation pursuant to sections 1459, 1460, and 1461 of the Code of Civil Procedure, directing the said Alice L. Koerber to appear before said superior court and be examined on oath on the matters alleged in said petition. Upon the return day of that citation, and in obedience thereto, the said Alice L. Koerber appeared personally and by counsel and filed a written answer to the said petition. She was afterward examined orally under oath concerning all of the matters alleged in said petition. By her answer and in her testimony she claimed that, acting upon the instructions from and at the direction of her mother, she removed said cash and said jewelry and said will from said safe deposit box and brought them to her mother; that her mother thereupon made her a gift of said money and jewelry and instructed her to destroy the will, which she did. During said hearing a dispute also arose as to the ownership of certain pictures and paintings, of which said Alice L. Koerber also claimed to be the owner by virtue of a bill of sale executed by her mother prior to her death.

At the conclusion of the hearing of said citation counsel for William J. Ferguson moved said court to make its findings and enter its judgment adjudicating that the disputed property belonged to the estate of May Ferguson, deceased. Thereupon the court filed the following memorandum opinion: "While there is a grave question as to the power of the court to make the order asked for by petitioner, yet as I am convinced from the evidence adduced at the hearing that the property in question taken from decedent's safe deposit box is the property of decedent's estate and should be returned thereto; and as the respondent, Alice L. Koerber, has by her answer put in issue the title to said property, the order prayed for will be granted. Counsel will file findings accordingly."

57 Cal. App.—3

Pursuant to the court's opinion, findings and judgment were prepared and were signed by the court and delivered to the clerk for filing and entry.

[1] The main question presented by this proceeding is whether or not the court, sitting in probate, in the exercise of its jurisdiction pursuant to sections 1459, 1460, and 1461 of the Code of Civil Procedure, may try and determine questions of title to personal property. The trial court expressed grave doubts about it and, in view of the decisions of the supreme court of this state, there can be no question that such power does not exist, and that any attempt to exercise such authority is in excess of the probate jurisdiction. (*Ex parte Casey,* 71 Cal. 269 [12 Pac. 118]; *Ex parte Hollis,* 59 Cal. 406; *Levy* v. *Superior Court,* 105 Cal. 600 [29 L. R. A. 811, 38 Pac. 965]; *Estate of Klumpke,* 167 Cal. 415 [139 Pac. 1062].)

It has also been held in other jurisdictions, in construing statutes similar to ours, that the power of the probate court ends with the discovery of the property and the enforcement of the remedial provisions of the statute, and does not extend beyond that, so as to allow the court to adjudicate the title to disputed property. (*In re Roberts' Estate,* 48 Mont. 40 [135 Pac. 909]; *Barto* v. *Harrison et al.,* 138 Iowa, 413 [116 N. W. 317]; *In re Manser's Estate,* 60 Or. 240 [118 Pac. 1024]; *Humbarger* v. *Humbarger,* 72 Kan. 412 [115 Am. St. Rep. 204, 83 Pac. 1095].)

[2] Respondents do not seriously dispute the correctness of this rule, but they endeavor to justify the action of the trial court upon the theory that Alice L. Koerber by her answer put in issue the title to said disputed property, and that in the prayer of her answer she not only asked that the petition filed against her be denied but that "she be accorded such other relief to which under the facts she is entitled," from which respondents argue that she thereby voluntarily submitted to the jurisdiction of the probate court in this proceeding the question of the title to said property, and that she is consequently bound by any determination the court may make thereof.

We are of the opinion that such contention cannot be sustained. This proceeding was one purely in probate, ancillary and summary in its character, instituted for the purpose of the discovery of property claimed as the property

of the estate.   There was no pretense, either at the time
the petition was filed or during the course of the hearing
thereof, that it was an action at law or a suit in equity to
determine the title to the property.   Alice L. Koerber was
charged therein by a verified petition with having wrong-
fully taken and unlawfully embezzled the property of the
estate, which admittedly was in her possession prior to her
mother's death.   Certainly under those circumstances she
had the right to deny those accusations by written, verified
answer, and to assert her own claim of ownership to said
property, without forfeiting her right to have the question
of the title to said property tried in the regular legal way.
If respondents' contention were sustained then in every
proceeding commenced under the provisions of those code
sections the mere assertion of a claim of ownership to the
disputed property by the person cited to appear would at
once transform the probate jurisdiction of the court, con-
vert the proceeding into an action at law, and thereby de-
prive the person claiming the title to the property to a
trial by jury.

The cases relied upon by respondents are not in point,
for the reason that in each of them the party against whom
the proceeding was instituted was cognizant of the char-
acter of the proceeding, the purpose for which it was
brought, and the result sought to be accomplished by it,
and notwithstanding such knowledge, openly acquiesced in
having the questions presented, considered, and adjudicated
in that particular proceeding.   Furthermore, the judgments
rendered in those proceedings were such as the court had the
full power under its jurisdiction to render.

By the terms of the judgment proposed in this pro-
ceeding it is adjudged that the estate of May Ferguson and
the special administrator thereof do have and recover from
said Alice L. Koerber the said sum of $9,995 and said
jewelry, and that within ten days after the service upon her
of a copy of said findings and judgment that she return and
deliver to said estate and said special administrator the said
sum of money and jewelry, and the court reserves "the
power and authority to enforce this order and judgment,
and to enforce and compel compliance therewith by said
Alice L. Koerber by such further and other orders, exe-
cutions, writs, process, and proceedings for contempt in

case of the refusal of said Alice L. Koerber to comply with and fully perform the command and requirement of this order and judgment, as shall be and appear to the court to be proper and necessary to enforce and compel compliance with this order and judgment.''

[3] In view of the terms of this judgment, we are of the opinion that the petitioner has no plain, speedy, or adequate remedy by appeal, and that this proceeding in prohibition, which this court under the constitution has power to entertain, is the proper remedy. (*Primm* v. *Superior Court*, 3 Cal. App. 209 [84 Pac. 786]; *White* v. *Superior Court*, 126 Cal. 247 [58 Pac. 450]; *Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101]; *Havemeyer* v. *Superior Court*, 84 Cal. 397 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121].) Let the writ issue as prayed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 8, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.