[No. 19797. Department One. May 5, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Clara Wolfe, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

[1] EXECUTORS AND ADMINISTRATORS (39, 40)—DISCOVERY AND COLLECTION OF ASSETS—PROCEEDINGS. Rem. Com. Stat. § 1472, authorizing a probate court to cite and examine a person suspected of withholding property belonging to the estate, is a statute of discovery only, and does not authorize the probate court, upon such a citation, to try the title to the property in question.

[2] SAME (39, 40). Rem. Comp. Stat. §§ 1517-1532 provide all sufficient remedies under the general practice acts, for all wrongs committed against an estate; and § 1472 providing for discovery, is not to be construed as an alternative remedy for the trial of title.

Application filed in the supreme court for a writ prohibiting the superior court for King county, Smith, J., from assuming jurisdiction to try issues as to title to property alleged as belonging to a decedent's estate. Writ issued.

*John F. Reed,* for relator.

*Benton Embree,* for respondent.

FULLERTON, J.—On December 1, 1925, Carroll Hendron was appointed administrator of the estate of Henry H. Wolfe, deceased, in a probate proceeding theretofore instituted in the superior court of King county. On December 15th of the same year, he filed a petition in the court in which the proceedings were pending, entitled as of the probate proceedings, in which he alleged that Clara Wolfe (the relator in the cause before us), who resided in Kitsap county, had personal property in her possession which belonged to the estate of the deceased, and which she refused to

[1]Reported in 245 Pac. 764.

turn over to him as such administrator, although demand had been made upon her therefor. The property was described in the petition with some particularity, and consisted of promissory notes, money, bank deposit books, canceled bank checks, memorandum book, certain papers, writings and documents. The prayer was that a citation issue directed to the relator, requiring her to answer the petition and show cause why she should not surrender the property to the administrator;

". . . and that upon the hearing of this petition the court make and enter its decree herein requiring the said Clara Wolfe to surrender all of the property hereinbefore referred to, and any other property that may be held by her belonging to the estate of the said deceased, to your petitioner as administrator of said estate for the purpose of administration in the manner prescribed by law; and for such other and further relief as your petitioner may be entitled to receive."

A citation was issued according to the prayer of the petition and duly served upon the relator. In response thereto, she made a special appearance in the cause, and moved to quash the citation for the reason that the court was without jurisdiction of the person of the relator and was without jurisdiction of the subject-matter of the petition. With the motion she filed her affidavit, averring therein that the promissory notes described in the petition were, on July 20, 1925, endorsed, transferred and given to her by Henry H. Wolfe, and that ever since such time the property has been her separate property and formed no part of the estate of Wolfe; that the money described in the petition was expended in the care of Wolfe during his last sickness, and that she never received any part of it; and that, as to the bank deposit books and other papers mentioned in the petition, she never had them in her

possession, except a few canceled checks, and that these she was then willing and had always been willing to turn over to the administrator.

The trial court, sitting in probate, refused to grant the motion to quash, and announced its intention to try out the issues raised by the allegations of the petition and the affidavit filed in response thereto, and to enter such a judgment as it should deem the facts appearing at the trial warranted.

The proceeding before us is an application for a writ prohibiting the court below from exercising jurisdiction in the premises. The relator contends here, as she contended in that court, that there is a want of jurisdiction over her person and over the subject-matter of the proceeding.

The statute upon which the proceedings were founded is found at § 1472 of the code (Rem. Comp. Stat.) [P. C. § 9928], and reads as follows:

"The court shall have authority to bring before it any person or persons suspected of having in his possession or having concealed, embezzled, conveyed or disposed of any of the property of the estate, or who has in his possession or within his knowledge any conveyances, bonds, contracts, or other writings which contain evidence of or may tend to establish the right, title, interest or claim of the deceased in and to any property. If such person be not in the county in which the letters were granted, he may be cited and examined either before the court of the county where found or before the court issuing the order of citation, and if he be found innocent of the charges he shall be entitled to recover costs of the estate, which costs shall be fees and mileage of witnesses, statutory attorney's fees, and such per diem and mileage for the person so charged as allowed to witnesses in civil proceedings. Such party may be brought before the court by means of citation such as the court may choose to issue, and if he refuse to answer such interrogatories as may be put to him touching such matters, the court may com-

mit him to the county jail, there to remain until he shall be willing to make such answers.''

[1] This statute is unquestionably within the constitutional powers of the legislature, and manifestly it confers jurisdiction on the superior court, sitting in probate, to bring before it any person suspected of having in his possession property belonging to an estate and subject the person to an examination concerning such property. This it is authorized to do by citation, and, if the citation is proper in form and substance and is properly served, the court has jurisdiction for the purposes contemplated over the person of the individual cited. No question is here made as to the regularity of the proceedings in these respects, and seemingly, the only question for our consideration is whether the court has acquired jurisdiction to try out the matters of difference between the parties respecting the title to the property in question.

The court's power to try the issue it has announced it will try must be found in the cited statute. Turning to the statute, it is at once apparent that it does not upon is face authorize the procedure here contemplated by the trial court. On its face it is a statute of discovery. It provides a means by which the representatives of an estate may bring before the court a person suspected of having in his possession, or having concealed, embezzled, conveyed or otherwise disposed of property of an estate, or suspected of having possession or knowledge of documents which might tend to establish title in the estate to property and subject the person to an examination with respect to the property. It provides, moreover, only for an examination. It does not directly authorize the court to make an order with respect to property, even if property is discovered. Much less can it be said, that it directly author-

izes the court to try out the title to property claimed by the representatives of the estate on the one side, and by the person holding it on the other. If, therefore, the statute authorizes the procedure contemplated by the trial court, it does so, not by direct enactment, but by necessary intendment. But we cannot conclude that it has this effect. Seemingly, if the legislature had so intended, it would have expressed the intention in language not capable of being misunderstood, and not left it to surmise or conjecture.

[2] Nor are the representatives of an estate left without remedy. The section of the statute quoted is from the probate code, and that code, in subsequent sections (§§ 1517-1523) [P. C. §§ 9885-9891], provides remedies, not only for the condition here presented, but for every conceivable wrong that may be committed against an estate. The actions contemplated are actions under the general practice act, to be brought, tried and concluded in the way the general practice act prescribes. In them no reference is made to the remedy afforded by the section quoted, and seemingly this fact alone is almost, if not quite, conclusive evidence that the legislature did not intend it as an alternate remedy for the recovery of property.

But the respondent cites our former cases as announcing a contrary doctrine. But we think we need not specially review them. An examination will show that they were determined under the probate code, which the one here involved supersedes, and which did not as clearly define the procedure necessary to be pursued as does the present code.

Our conclusion is that the writ should issue, and it is so ordered.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and MAIN, JJ., concur.