[Civil No. 3356. Filed December 1, 1933.]

[27 Pac. (2d) 525.]

THE FIRST NATIONAL BANK OF HOLBROOK, a Banking Corporation, and J. R. McEVOY, Petitioners, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF APACHE, and THE HONORABLE LEVI S. UDALL, as Judge Thereof, Respondents.

468

Mr. Sidney Sapp and Mr. Guy Axline, for Petitioners.

Mr. Isaac Barth and Mr. Rex E. Lee, for Respondents.

RODGERS, Superior Judge.—This is an original proceeding instituted in this court, upon a petition praying that a writ of *certiorari* issue to the superior court of Apache county, Arizona, commanding the certification of the records and proceedings in probate cause numbered 205, in that court, in so far as such probate proceedings relate to that certain order of disclosure entered by the court, and the proceedings incident thereto, wherein Jacob Barth, administrator of the estate of J. M. Sandoval, deceased, was the petitioner, and the First National Bank of Holbrook, Arizona, and J. R. McEvoy were respondents, to the end that same might be reviewed by this court.

Upon the allegations of the petition, the writ was ordered to be issued, and in response to the order contained in the writ, the judge of the superior court of Apache county caused the clerk of said court to certify to this court all proceedings and records in said probate cause No. 205, in so far as such records and proceedings are pertinent to the matters referred to and complained of in the petition filed in this court.

Briefly summarizing the allegations of the petition, and the facts as disclosed by the record, it appears therefrom that one J. M. Sandoval died on the seventeenth day of November, 1932; that on the fifth day of January, 1933, Jacob Barth was appointed administrator of his estate, and duly qualified as such administrator; that on or about the tenth day of March, 1933, the administrator instituted an action in the probate side of the superior court of Apache county, against the petitioners herein, alleging that these petitioners, the respondents therein named, had

embezzled, concealed, disposed of or appropriated to their own use the proceeds of a certain check in the amount of $2,469.29, which was a part of the assets of the estate of J. M. Sandoval, deceased.

The petition filed in the probate proceedings alleges in detail all of the acts in the premises done by the First National Bank of Holbrook, Arizona, and J. R. McEvoy concerning which complaint was made and a disclosure sought.

Upon the petition there filed by the respondents herein, a citation was issued commanding the petitioners in this action, as the respondents there, to appear in the probate court of Apache county, Arizona, then and there to be examined upon oath upon the matters set forth in the petition of the administrator.

In response to said citation the respondents there, who are the petitioners here, specially appeared for the purpose of presenting a plea to the jurisdiction. They also filed a motion to quash the citation; a motion to dismiss the action; a motion to strike certain designated paragraphs of the petition, and also to strike all of said petition; a special demurrer, and a verified answer in which is set forth at length all facts in their possession, and all information known to them personally, or otherwise obtained by them relative to the disposition of the money concerning which inquiry was being made in the proceedings instituted by the administrator in the probate cause involved, and having divulged under oath all such facts and information said answer further sets forth the reasons for the claim of the First National Bank of Holbrook to the funds in question, and its contentions in the premises; and having thus answered under oath, the answer prays that no further proceedings be had in said cause.

All motions of the respondents were by the court denied and the plea to the jurisdiction and demurrer

were overruled; and on March 18, 1933, a hearing on the petition and citation was held; and on motion of the petitioners the verified answer of the respondents was by the court stricken.

The petitioners called three witnesses to testify and rested without calling to the witness-stand the respondents who were present in court in obedience to the citation commanding them to appear and be examined on oath upon the matters set forth in the petition of the administrator.

The respondent, J. R. McEvoy, was thereafter called to testify by counsel for the respondents, and being duly sworn testified fully in regard to the matters set forth in the petition and also in the answer of the respondents, but was prevented from answering many pertinent questions by objections interposed by the petitioners and by the court sustained.

The court, thereafter, filed its findings of fact and in connection therewith issued an order requiring disclosure, and attached to said order eight interrogatories which it commanded respondents to answer under penalty of commitment to the county jail for failure or refusal so to do.

Petitioners have here presented in connection with their petition ten assignments of error, which they rely upon to support their contentions.

We are of the opinion, however, that they all necessarily involve the question of the jurisdictional powers of the court in connection with the proceedings here in controversy and we will, therefore, consider them together to ultimately determine whether or not the court exceeded its jurisdiction in the premises.

It is obvious that sections 3968, 3969 and 3970 of article 8, chapter 88, of the Revised Code of Arizona, 1928, were intended to provide a summary procedure whereby an administrator or an executor may acquire more definite knowledge, and ascertain any facts not

in his possession, in regard to property of a decedent, that he, or those otherwise interested in the estate, may suspect is being concealed, embezzled, conveyed or disposed of by some third party in derogation of, and contrary to, the rights and interests of those who are legally entitled to the assets of the estate. The proceeding is intended as a statutory grant of authority under and by virtue of which matters occurring prior to the administration of which the administrator is ignorant may be discovered, to the end that he may stand on equal terms with the party proceeded against, and it therefore necessarily follows that the information and facts thus to be obtained is for the sole purpose of enabling the administrator to institute, in the proper forum, whatever proceedings may be deemed necessary to recover property or money that may belong to the estate.

It is therefore manifest that before the prerogative and privileges permitted by the statutes in question may be properly invoked, two necessary requisites must exist. There must be some reasonable predicate for a belief that the person against whom the proceedings are directed has concealed, conveyed, embezzled or disposed of property, or money, rightfully belonging to the estate, and the administrator must be ignorant of the facts and conditions surrounding the acts of such third person in regard to the matter complained of, and concerning which inquiry is made. If the administrator is advised of the facts from other available sources of information, or if, in any event, the property or money involved does not belong to the estate, then the proceedings are not warranted, and amount only to an idle gesture, having no sanction in the law.

It is equally apparent that the proceedings here under consideration cannot properly be invoked to determine title to property, nor controverted questions between the administrator and third persons,

not interested in the estate, who claim the title to such property or the right to possession of same upon some asserted legal or equitable grounds.

Considering and deciding the jurisdictional scope and limitations of a probate court under similar statutes existing in the state of Illinois, the Supreme Court of that state, in the case of *Moore et al.* v. *Brandenburg et al.*, 248 Ill. 232, 93 N. E. 733, 140 Am. St. Rep. 206, said:

"Defendants in error contend that the demurrer was properly sustained because plaintiffs in error have a complete and adequate remedy at law. The remedy pointed out is the appointment of an administrator, and a proceeding, under sections 81 and 82 of the administration act, by citation against defendants in error. Those sections have been frequently before this court, and as understood and construed were not designed to apply to a case like this. In the case of *Dinsmoor* v. *Bressler*, 164 Ill. 211, 221, 45 N. E. 1086, 1090, the court said: 'The summary proceeding in the probate court to compel the production and delivery of property "is not the proper remedy . . . to try contested rights and title to property between the executor and others." 2 Woerner's Am. Law of Administration, § 325, p. 681. "Nor does the power conferred upon probate courts to subpoena and examine parties alleged to conceal or withhold property of the estate authorize such courts to try the title to the property in dispute." 1 Woerner's Am. Law of Administration, § 151, p. 347; Schouler on Executors and Administrators, § 270. If sections 81 and 82 could be used to settle contested rights to property as between executors and administrators on the one side and third persons on the other, they would operate as an infringement upon the constitutional right to trial by jury, as they contain no provision for a jury trial.' This case was cited with approval in *Martin* v. *Martin*, 170 Ill. 18, 28, 48 N. E. 694, 698, where the court said: 'The statute is not designed to afford the means of collecting debts due to estates (*Williams* v. *Conley*, 20 Ill. 643), nor to try contested rights and title to property between the executors and

others (*Dinsmoor* v. *Bressler, supra*). The mere fact that one party to the controversy is an executor will not justify depriving the other party of a trial by jury or authorize his imprisonment, but in a proper case the court may order the property or effects to be delivered up, or the proceeds or value thereof in case the same has been converted.'

"Statutes authorizing a summary proceeding in the probate court for the discovery of concealed assets of an estate exist in many states of the Union. Some of them are similar to ours, and some do not confer as much power on the probate court as our statute. The construction we have given our statute is in harmony with that given similar statutes in other states. *Humbarger* v. *Humbarger,* 72 Kan. 412, 83 Pac. 1095, 115 Am. St. Rep. 204, where an exhaustive note will be found. Furthermore, the bill in this case prays for an accounting by defendants in error for portions of the property converted and disposed of by them, and it certainly could not be contended that such relief could be granted by the probate court in a proceeding by citation under sections 81 and 82. In our opinion, whether the case made by the bill is one for the exclusive jurisdiction of a court of equity or not, it is a proper case for equitable jurisdiction, and the demurrer to the bill should have been overruled."

Defining the jurisdictional limitations of a probate court in connection with statutes somewhat analogous to ours, the Supreme Court of Kansas, in the case of *Humbarger* v. *Humbarger,* 72 Kan. 412, 83 Pac. 1095, 115 Am. St. Rep. 204, said:

"The final question raised in the case is, did the probate court err in rejecting further evidence and in discontinuing the proceeding? The asset of the estate involved in the inquiry was a promissory note given by Henry Humbarger to his father. The only thing charged in the complaint was concealment. Without hesitation Henry Humbarger testified that the note had been given, and he stated the amount for which it was given, and, further, that it had been fully paid and the debt discharged. He went further and

stated that it had been paid partly in money, partly in services, and partly in board. The complainant tried to push the inquiry still further as to the payment of the note and as to whether Henry's liability thereon had been discharged. His liability on the note could not be determined in that proceeding by that court. It was a summary proceeding brought under section 3002 of the General Statutes of 1901. That statute provides: 'Upon complaint made to the probate court by the executor, administrator, creditor, devisee, legatee, heir, or other person interested in the estate of any deceased person, against any person suspected of having concealed, embezzled or conveyed away any money, goods, chattels, things in action, or effects of such deceased, the said court shall cite the person suspected forthwith to appear before it and to be examined on oath or affirmation touching the matters of the said complaint.' The testimony of the parties examined is to be reduced to writing and filed in the probate court, and, if the court is of opinion that the accused is guilty of either concealing, embezzling, or conveying away any of the assets of the estate, it may order and compel the delivery thereof to the executor or administrator or person entitled to receive the same. Gen. St. 1901, §§ 3002–3006. The purpose of the proceeding is to make discovery and compel production of the property of an estate suspected to be concealed, embezzled, or to have been conveyed away, but it cannot be employed to enforce the payment of a debt or liability for the conversion of property of an estate, or to try controverted questions of the right to property as between the representative of the estate and others. One purpose is to perpetuate evidence against the party charged, to be used if necessary in an action brought for the recovery of the property in a court of competent jurisdiction. In *Moss* v. *Sandefur,* 15 Ark. 381, it was held under a similar statute that it was intended to compel a discovery and delivery of the assets of an estate which were secretly and unlawfully held, but that it did not invest the probate court with jurisdiction of contested rights and matters of litigation as to the title to property. . . . See, also, *In re Wolford,* 10 Kan. App. 283, 62 Pac. 731; *Howell* v. *Fry,* 19 Ohio St. 556; *Ex*

*parte Casey,* 71 Cal. 269, 12 Pac. 118; *Gardner* v. *Gillihan,* 20 Or. 598, 27 Pac. 220; *Gibson* v. *Cook,* 62 Md. 256; *In re Beebe,* 20 Hun (N. Y.) 462.''

Applying the legal principles above referred to, which are based upon reason and supported by authority, to the· undisputed facts, and the method of procedure disclosed in this case, as established by the record, it appears that neither under the contentions of the administrator, nor that of the petitioners herein, did the money in question belong to the estate. According to the contention of the administrator, it properly belonged to the Barth Mercantile Company by virtue of being the proceeds derived from the sale of property upon which that company held a valid and existing mortgage, while, on the contrary, the First National Bank of Holbrook contends that it belonged to the partnership of C. Sandoval & Sons, and, therefore, became merged in the bank account of the partnership. In either event, the administrator had no legal right to its possession. Sections 3972 and 4001, Revised Code of Arizona 1928; *Mosher* v. *Lount,* 29 Ariz. 267, 240 Pac. 1027; *Home Ins. Co.* v. *Latimer,* 33 Ariz. 288, 264 Pac. 103.

It clearly appears from the allegations of the petition of the administrator filed in probate cause numbered 205 that he was fully advised as to all the facts pertaining to the matter in controversy at and before the time he instituted the proceedings and there was, therefore, no necessity for him to seek from respondents information concerning such facts to enable him to proceed to litigate the disputed questions relative to the right to the money in a court of proper jurisdiction. It also further appears that a response to the petition and citation was filed by the respondents in which all the facts pertaining to their actions in regard to the money in their possession was set forth in detail, and the administrator was thereby fully advised, even if he had not already been informed of

such facts, as his petition clearly indicates he had. The court granted a motion made by counsel for the administrator to strike the response from the record. The motion should have been denied, and the action of the court in granting it and striking the response from the files constitutes error. *Koerber* v. *Superior Court,* 57 Cal. App. 31, 206 Pac. 496; *Ward* v. *Daniels,* 51 Nev. 125, 269 Pac. 913; *Levy* v. *Superior Court,* 105 Cal. 600, 38 Pac. 965, 29 L. R. A. 811; *State ex rel. Poston* v. *District Court,* 31 Wyo. 413, 227 Pac. 378, 35 A. L. R. 1082; *State ex rel. Wolfe* v. *Superior Court,* 139 Wash. 102, 245 Pac. 764.

We are of the opinion that the superior court of Apache county, sitting in probate, did not regularly pursue the authority vested in it by the statutes and exceeded its jurisdiction, and we, therefore, hold that the proceedings are of no force and effect. The order of disclosure entered by the court in said cause, and the proceeding incident thereto, are set aside, vacated and annulled; the petitioners here to recover all their costs in the proceedings.

ROSS, C. J., and McALISTER, J., concur.

The Honorable ALFRED C. LOCKWOOD, being unable by reason of illness to be present upon this hearing, the Honorable G. A. RODGERS, Judge of the Superior Court of Maricopa County, was called in to sit in his stead.