(No. 19736.—■■■■■■■■■■)

EUGENE A. TAPPY, Conservator, Appellee, *vs.* MARY KILPATRICK, Appellant.

*Opinion filed December 20, 1929—Rehearing denied Feb. 8, 1930.*

ELLIS & WESTBROOKS, BLAINE G. ALSTON, and DEFRANTZ R. WILLIAMS, (RICHARD E. WESTBROOKS, of counsel,) for appellant.

CHARLES R. CASLER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal was brought directly to this court because it involves the constitutionality of two sections added to the act of March 26, 1874, to revise the law in relation to

idiots, lunatics, drunkards and spendthrifts, which constituted chapter 86 of the Revised Statutes of 1874. The act was amended in 1919, (Laws of 1919, p. 592,) and among other changes the following two sections were added to it:

"Sec. 53. If any conservator appointed pursuant to this act or any other person interested in the ward or his estate, or any other person, shall state upon oath, to any county court, that he believes that any person has in his possession or control, or has concealed, converted or embezzled, any goods, chattels, moneys or effects, books of account, papers or any evidences of debt whatever, or titles to lands belonging to the ward; or that he believes that any person has any knowledge or information of or concerning any indebtedness or evidences of indebtedness, or property, titles or effects, belonging to the ward, which knowledge or information is necessary to the recovery of the same, by suit or otherwise, by the conservator, and that such person refuses to give to the conservator such knowledge or information, the court shall require such person to appear before it by citation, and may examine him on oath, and hear the testimony of such conservator, and other evidence offered by either party, and make such order in the premises as the case may require.

"Sec. 54. If any such person, so cited, refuses to answer such proper interrogatories as may be propounded to him, or refuse to deliver up such property or effects, or in case the same has been converted, the proceeds or value thereof, upon a requisition being made for that purpose by an order of the said court, such court may commit such person to jail until he shall comply with the order of the court therein."

Under these sections Eugene A. Tappy, conservator of the estate of Perry Johnson, a spendthrift, filed his petition in the probate court of Cook county for a citation against Mary Kilpatrick, and upon a hearing she was ordered to pay $1512 to the conservator. On her appeal to the cir-

cuit court her motion to dismiss the proceeding was sustained. The Appellate Court reversed the judgment and remanded the cause to the circuit court, with instructions to try the case *de novo*. (246 Ill. App. 416.) Upon reinstatement of the cause in the circuit court an amended petition was filed, as follows:

"Eugene A. Tappy respectfully represents unto the court that he is the duly qualified and acting conservator of the above entitled estate. Your petitioner further represents that he is informed and believes that one Mary Kilpatrick, of Chicago, Cook county, and State of Illinois, has in her possession or control ever since and prior to January 3, 1923, certain moneys in the sum of fifteen hundred twelve (1512) dollars, $200 of which was delivered on, to-wit, October, 1922, and $1312.08 was delivered to Mary Kilpatrick, on, to-wit, November 18, 1922, belonging to the ward, Perry Johnson, and that the said Mary Kilpatrick refuses to give to petitioner any knowledge or information of or concerning said property and moneys to your petitioner, although often requested so to do. Wherefore your petitioner prays that a citation issue directing the said Mary Kilpatrick, of No. 3348 Calumet avenue, Chicago, Illinois, to appear before this court and submit to an examination, on oath, concerning the property and moneys aforesaid to the said ward belonging, and that such order may be entered in the premises by the court as the case may require, and your petitioner will ever pray."

The court heard the cause, found the issues for the estate, assessed damages at $1512.88, entered judgment for that amount against the respondent, in favor of "the estate of Perry Johnson, spendthrift," and awarded execution. The respondent has appealed.

The particular sections of the statute here involved have not been heretofore considered by this court. They are in all respects the same as sections 81 and 82 of the Administration act, which have been before the court. These sec-

tions were a part of the Administration act passed in the revision of the statutes of 1874, and were an amplification of section 90 of the Statute of Wills contained in the Revised Statutes of 1845. In the case of *Williams* v. *Conley,* 20 Ill. 643, Williams was cited on an affidavit stating that he had money in his possession belonging to the estate of John Conley, and in answer to interrogatories showed that his wife, who was a daughter of the deceased, had received a pocket-book frcm her father, before his decease, which contained money, a part of which Williams had paid to one Maxwell for his trouble in taking care of the deceased, and what became of the rest of the money did not appear. Conley died a few days after the pocket-book was given to Mrs. Williams and two years before the examination on the citation. Williams supposed that the money was given to his wife as a present. The court said that the statute was not designed to afford the means of collecting debts due to estates but for the purpose of obtaining the possession of money, books, papers or property which remained *in specie,* capable of being identified and pointed out, and the judgment entered against the respondent was reversed. This same view was taken of the provisions of sections 81 and 82 of the Administration act in *Dinsmoor* v. *Bressler,* 164 Ill. 211, in which it was held that those sections applied only to money or property remaining unchanged and *in specie.* Attention was called to the addition to section 90 of the statute of 1845 by sections 81 and 82 of the Administration act in the revision of 1874, of a provision not only for examining the party charged under oath, but also for hearing the testimony of the administrator or executor, "and other evidence offered by either party," and for punishment, not only for refusing to answer questions and for refusing to deliver up the property or effects, but also for refusing to deliver up "the proceeds, or value thereof" in case the property had been converted, and it was held that the statute referred only to property which came to the

hands of the person charged before the death of the deceased person and which was converted before or after such death.

In *Martin* v. *Martin,* 170 Ill. 18, the proceeding was against an executrix to compel her to surrender to the estate and list as property of the estate certain bonds, notes and mortgages in her possession which it was claimed belonged to the estate, and it was held that the title to property between the representatives of estates and third persons cannot be tried or determined in proceedings conducted under the provisions of sections 81 and 82 of the Administration act but that the primary purpose of the statute was to discover assets of estates, and it was not designed to afford the means of collecting debts or to try contested rights and title to property between the executors and others. Section 81 does not require the court to order goods, chattels, etc., of a decedent proved to be in the possession of another to be delivered to the executor or administrator, but authorizes the court to examine the respondent under oath, hear his testimony and other evidence offered, and make such order in the premises as the case may require. In such a case of the exercise of equitable jurisdiction, if a trust relation exists or there is any other condition authorizing the court to order a delivery of the property, it was held in *Martin* v. *Martin, supra,* the court might make such an order. In that case the respondent was one of the executors and could not be both plaintiff and defendant in a suit at law. If she held property, claiming it as her own, which belonged to the estate being administered under the jurisdiction of the county court and of which she was one of the executors, the relation afforded ground for an equitable proceeding against her, and it was one of the cases where the court might properly order a surrender of the property and enforce a duty owing by the trustee in the manner provided by the statute. The opinion in the same case quoted from *Dinsmoor* v. *Bressler, supra,* as follows:

"If sections 81 and 82 could be used to settle contested rights to property as between executors and administrators on the one side and third persons on the other, they would operate as an infringement upon the constitutional right to trial by jury, as they contain no provision for a jury trial," and stated that this conclusion must be conceded to be correct. The same constitutional objection thus held to be valid against sections 81 and 82 of the Administration act exists against the sections involved in this case. The claim of the appellee against the appellant was an ordinary cause of action for money due, for which the remedy was an action at law. The application of sections 53 and 54 to the facts in this case was an infringement of the constitutional right to trial by jury.

The judgment of the circuit court is reversed.

*Judgment reversed.*